Omid A. Mantashi (SBN 208226)
**Law Offices of Omid A. Mantashi**
360 Grand Avenue, Ste. 90
Oakland, California 94610
Telephone: (510) 593-9442
Facsimile: (510) 868-8310
Email: omid@california.com

Timothy L. Boller (forthcoming *pro hac vice*)
William O. Ferron, Jr. (forthcoming *pro hac vice*)
**SEED IP LAW GROUP PLLC**
701 5TH Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206.622.4900
Facsimile: 206.682.6031

Email: TimB@seedip.com
        BillF@seedip.com

Attorneys for Defendant
NewPath Networks, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NextG Networks, Inc., a Delaware corporation, | No. C 08-1565 VRW |
| Plaintiff, | |
| v. | ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT NEWPATH NETWORKS, LLC |
| NewPath Networks, LLC, a New Jersey limited liability corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Defendant NewPath Networks, LLC (hereinafter, "NewPath" or "Defendant"), by and

through its attorneys, hereby answers the Complaint filed by NextG Networks, Inc. (hereinafter,

"NextG," or "Plaintiff") as follows:

1.      Defendant admits that Plaintiff has filed a one-count Complaint alleging infringement

of a patent.  Defendant denies the remaining allegations of paragraph 1.

2.      Defendant admits that this Court has jurisdiction over the asserted claims.

3.      Defendant admits that venue is proper in this Court.

4.      Defendant admits, on information and belief, that Plaintiff is a corporation existing under and by virtue of the laws of the State of Delaware and maintains a principal place of business within Santa Clara County at 2216 O'Toole Avenue, San Jose, California 95131.  On information and belief, Defendant admits that Plaintiff sells, designs and installs antenna systems.  Defendant does not know what Plaintiff means by "Distributed Antenna Systems" and "Base Station Hotels." Thus, Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 4 of the Complaint, and on that basis denies the remaining allegations of paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  Defendant admits that NewPath is a limited liability corporation existing under and by virtue of the laws of the State of New Jersey and maintains a place of business at 1300 N. Northlake Way, Seattle Washington 98103.  Defendant admits that it designs and installs antenna systems and that it markets related services.  Defendant denies that it offers to sell or sells systems.  Defendant does not know what Plaintiff means by "Distributed Antenna Systems" and "Base Station Hotels."  Thus, Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 5 of the Complaint, and on that basis denies the remaining allegations of paragraph 5 of the Complaint.

6.      Defendant admits that is has offered to provide services to customers in Contra Costa County and Alameda County.  Defendant denies that it has offered to sell systems.  Defendant notes that it does not know what Plaintiff means by "Distributed Antenna Systems" and "Base Station Hotels."  Thus, Defendant lacks sufficient information to admit or deny any remaining allegations of paragraph 6 of the Complaint, and on that basis denies any remaining allegations of paragraph 6 of the Complaint.

7.      Defendant admits that it installs antenna systems and that it markets related services. Defendant further admits that it has distributed technical literature, specifications and responses to solicitations in California and other states.  Defendant denies that it sells or has offered to sell

2

1
2
3
4
5
6

systems.  Defendant admits that it plans to continue its activities, which Defendant contends are lawful.  Defendant denies that it has "threatened" to do anything. Defendant does not know what Plaintiff means by "Distributed Antenna Systems," "Base Station Hotels" and "Requests for Proposals."  Thus, Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 7 of the Complaint, and on that basis denies the remaining allegations of paragraph 7 of the Complaint.

7
8
9
10
11
12
13
14
15

8.    Defendant admits that it installs antenna systems and that it markets related services. Defendant further admits that it has had communications with customers and potential customers for its services in California and other states.  Defendant denies that it sells or has offered to sell systems.  Defendant admits that it plans to continue its activities, which Defendant contends are lawful.  Defendant denies that it has "threatened" to do anything.  Defendant does not know what Plaintiff means by "Distributed Antenna Systems" and "Base Station Hotels."  Further, "numerous," as used by Plaintiff in paragraph 8, is vague.  Thus, Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 8 of the Complaint, and on that basis denies the remaining allegations of paragraph 8 of the Complaint.

16
17
18
19
20
21

9.    Defendant admits that it installs antenna systems and that it markets related services, including services using antenna systems, in California and other states.  Defendant denies that it sells or engages in efforts to sell systems.  Defendant does not know what Plaintiff means by "Distributed Antenna Systems" and "Base Station Hotels."  Thus, Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 9 of the Complaint, and on that basis denies the remaining allegations of paragraph 9 of the Complaint.

22
23

10.    In response to paragraph 10 of the Complaint, Defendant incorporates its answers to paragraphs 1 through 9 of this Answer as if fully set forth herein.

24
25
26
27

11.    Paragraph 11 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  On information and belief, Defendant admits that U.S. Patent No. 5,682,256 ("the '256 Patent") was issued to Andrew James Motley and Anthony Gerard Chadney on or about October 28, 1997, and that Exhibit A to the Complaint appears to be a correct

28

3

copy of the '256 Patent.  Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12.   Paragraph 12 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  Defendant lacks sufficient information to admit or deny remaining the allegations of paragraph 12 of the Complaint, and on that basis denies the remaining allegations of paragraph 12 of the Complaint.

13.   Paragraph 13 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 13 of the Complaint, and on that basis denies the remaining allegations of paragraph 13 of the Complaint.

14.   Paragraph 14 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 14 of the Complaint, and on that basis denies the remaining allegations of paragraph 14 of the Complaint.

15.   Paragraph 15 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  Defendant admits that it installs and uses antenna systems and that it markets related services.  Defendant uses off-the-shelf components in its antenna systems. Defendant denies that it sells or offers to sell systems.  Defendant denies that any of its activities infringe any valid claim of the '256 Patent.  Defendant does not know what Plaintiff means by "Distributed Antenna Systems" and "Base Station Hotels."  Further, "making" as used by Plaintiff in paragraph 15 of the Complaint is vague.  Thus, Defendant lacks sufficient information to admit or deny any remaining allegations of paragraph 15 of the Complaint, and on that basis denies any remaining allegations of paragraph 15 of the Complaint.

16.   Paragraph 16 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied.  Defendant admits that it installs and uses antenna systems and that it markets related services.  Defendant denies that it sells or offers to sell systems. Defendant denies that any of its activities contribute to the direct infringement of any valid claim of the '256 Patent by another.  Defendant does not know what Plaintiff means by "Distributed Antenna

4

Systems" and "Base Station Hotels." Thus, Defendant lacks sufficient information to admit or deny any remaining allegations of paragraph 16 of the Complaint, and on that basis denies any remaining allegations of paragraph 16 of the Complaint.

17.    Paragraph 17 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied. Defendant denies that any of its activities infringe any valid claim of the '256 Patent, and denies that Plaintiff has suffered or will suffer any damages as a result of any activities by Defendant. Defendant denies any remaining allegations of paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint contains legal contentions, to which no response is required, and which are therefore denied. Defendant denies that any of its activities infringe any valid claim of the '256 Patent, and denies that Plaintiff has suffered or will suffer any damages as a result of any activities by Defendant. Defendant denies any remaining allegations of paragraph 18 of the Complaint.

19.    Answering Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief and denies the allegations contained within Plaintiff's prayer for relief.

## DEFENDANT'S FACTUAL ALLEGATIONS

In further reply to Plaintiff's claims, and in support of Defendant's Affirmative Defenses thereto and Counterclaims, Defendant alleges as follows:

## INTRODUCTION

1.    Through its counterclaims, Counterclaimant NewPath seeks redress for Plaintiff's knowing misuse of the '256 Patent. Plaintiff NextG has wrongfully asserted and threatened to assert patent infringement without regard to whether any of NewPath's systems infringe any valid and enforceable claim of the '256 Patent. Specifically, Plaintiff brought the present lawsuit with knowledge that the claims of the '256 Patent cannot be construed so as to cover any of NewPath's antenna systems, and for the improper purpose of interfering with NewPath's business and NewPath's existing and potential business relationships.

5

2.    Accordingly, and as set forth in more detail below, NewPath seeks damages, costs and attorney's fees, and preliminary and permanent injunctive relief.  In addition, NewPath asks this Court to declare the '256 Patent invalid, unenforceable and not infringed.

## JURISDICTION AND VENUE

3.    This Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1338(a) (Patents), and 28 U.S.C. §§ 2201(a) (Declaratory Judgment), and over the other claims set forth below by virtue of 28 U.S.C. § 1338(b) and pendant jurisdiction.

4.    Venue is proper pursuant to 28 U.S.C. §§ 1391(a) and 1391(b).

## THE PARTIES

5.    Defendant NewPath Networks, LLC, is a New Jersey limited liability corporation with a place of business located at 1300 N. Northlake Way, Seattle Washington 98103.

6.    On information and belief, Plaintiff NextG Networks, Inc. is a Delaware corporation with a principal place of business within Santa Clara County at 2216 O'Toole Avenue, San Jose, California 95131.

## PERTINENT FACTS

7.    NewPath and Plaintiff are competitors in the field of providing services related to antenna systems.

8.    Plaintiff has known for several years that NewPath is a competitor of Plaintiff.

9.    On information and belief, Plaintiff has known for several years the specific equipment NewPath installs in its antenna systems.

10.    In the Complaint, Plaintiff does not identify any specific equipment upon which Plaintiff bases the allegations of infringement contained therein.

11.    On April 11, 2008 and April 14, 2008, NewPath asked Plaintiff's counsel to identify the equipment used in the NewPath antenna systems that Plaintiff accused of infringement.

6

12.     To date, Plaintiff has not identified any specific equipment Plaintiff accuses of infringing the '256 Patent.

13.     Most of NewPath's antenna systems are digital, and do not transmit even a single radio frequency ("RF") signal on an optical network.

14.     On information and belief, when it filed the Complaint, Plaintiff was aware that most of NewPath's antenna systems are digital, and do not transmit even a single RF signal on an optical network.

15.     Plaintiff is currently aware that most of NewPath's systems are digital, and do not transmit even a single RF signal on an optical network.

16.     None of NewPath's systems are configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

17.     On information and belief, when it filed the Complaint, Plaintiff was aware that none of NewPath's systems are configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

18.     Plaintiff is currently aware that none of NewPath's systems are configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

19.     All of NewPath's antenna systems provide the same signal to all repeater antennas coupled to an optical network.

20.     On information and belief, when it filed the Complaint, Plaintiff was aware that all of NewPath's antenna systems provide the same signal to all repeater antennas coupled to an optical network.

21.     Plaintiff is currently aware that all of NewPath's antenna systems provide the same signal to all repeater antennas coupled to an optical network.

22.     None of NewPath's antenna systems had or has a matrix switch.

23.     On information and belief, when it filed the Complaint, Plaintiff was aware that none of NewPath's antenna systems had or has a matrix switch.

7

24.     Plaintiff is currently aware that none of NewPath's systems had or has a matrix switch.

25.     NewPath obtains the optical signal equipment used in its antenna systems from only three equipment suppliers: ADC Telecommunications Sales, Inc. ("ADC"), Andrew Corporation ("Andrew"), and Powerwave Technologies, Inc. ("Powerwave").

26.     NewPath obtains off-the-shelf equipment from ADC that is installed in most of its antenna systems ("the ADC Equipment"), and has used this ADC Equipment for several years.

27.     On information and belief, Plaintiff uses the same ADC Equipment in some of its antenna systems, and has used this ADC Equipment for several years.

28.     On information and belief, when it filed the Complaint, Plaintiff was familiar with the characteristics of the ADC Equipment.

29.     Plaintiff is currently aware of the characteristics of the ADC Equipment.

30.     The ADC Equipment is not configured to transmit radio frequency ("RF") signals on an optical network.

31.     The ADC Equipment cannot be configured to transmit RF signals on an optical network without substantial and expensive modification.

32.     On information and belief, when it filed the Complaint, Plaintiff was aware that the ADC Equipment used by NewPath had not been modified to transmit RF signals on an optical network.

33.     There is no motivation for NewPath to modify the ADC equipment to transmit RF signals on an optical network.

34.     On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the ADC Equipment to transmit RF signals on an optical network.

35.     The ADC Equipment is not configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                                    CASE NO. C 08-1565 VRW

36.    The ADC Equipment cannot be configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network without substantial and expensive modification.

37.    On information and belief, when it filed the Complaint, Plaintiff was aware that the ADC Equipment used by NewPath had not been modified to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

38.    There is no motivation for NewPath to modify the ADC Equipment to selectively interconnect a plurality of RF signals with a plurality of radio ports via an optical network.

39.    On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the ADC Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

40.    On information and belief, when it filed the Complaint, Plaintiff was aware that the ADC Equipment used by NewPath does not have a matrix switch.

41.    Plaintiff is currently aware that the ADC Equipment used by NewPath does not have a matrix switch.

42.    There is no motivation for NewPath to modify the ADC Equipment to incorporate a matrix switch.

43.    On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the ADC Equipment to incorporate a matrix switch.

44.    NewPath obtains off-the-shelf equipment from Andrew that is installed in some of its antenna systems ("the Andrew Equipment"), and has used this Andrew Equipment for several years.

45.    On information and belief, Plaintiff uses the same Andrew Equipment in most of its antenna systems, and has used this Andrew Equipment for several years.

46.    On information and belief, when it filed the Complaint, Plaintiff was familiar with the characteristics of the Andrew Equipment.

47.    Plaintiff is currently aware of the characteristics of the Andrew Equipment.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                             CASE NO. C 08-1565 VRW

48.    The Andrew Equipment is not configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

49.    The Andrew Equipment cannot be configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network without substantial and expensive modification.

50.    On information and belief, when it filed the Complaint, Plaintiff was aware that the Andrew Equipment used by NewPath had not been modified to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

51.    There is no motivation for NewPath to modify the Andrew Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

52.    On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the Andrew Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

53.    On information and belief, when it filed the Complaint, Plaintiff was aware that the Andrew Equipment used by NewPath does not have a matrix switch.

54.    Plaintiff is currently aware that the Andrew Equipment used by NewPath does not have a matrix switch.

55.    There is no motivation for NewPath to modify the Andrew Equipment to incorporate a matrix switch.

56.    On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the Andrew Equipment to incorporate a matrix switch.

57.    NewPath obtains off-the-shelf equipment from Powerwave that is installed in some of its antenna systems ("the Powerwave Equipment").

58.    On information and belief, Plaintiff uses the same Powerwave Equipment in some of its antenna systems, and has used this Powerwave Equipment for several years.

59.    On information and belief, when it filed the Complaint, Plaintiff was familiar with the characteristics of the Powerwave Equipment.

10

60.    Plaintiff is currently aware of the characteristics of the Powerwave Equipment.

61.    The Powerwave Equipment is not configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

62.    The Powerwave Equipment cannot be configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network without substantial and expensive modification.

63.    On information and belief, when it filed the Complaint, Plaintiff was aware that the Powerwave Equipment used by NewPath had not been modified to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

64.    There is no motivation for NewPath to modify the Powerwave Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

65.    On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the Powerwave Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

66.    On information and belief, when it filed the Complaint, Plaintiff was aware that the Powerwave Equipment used by NewPath does not have a matrix switch.

67.    Plaintiff is currently aware that the Powerwave Equipment used by NewPath does not have a matrix switch.

68.    There is no motivation for NewPath to modify the Powerwave Equipment to incorporate a matrix switch.

69.    On information and belief, when it filed the Complaint, Plaintiff was aware that NewPath would have had no motivation to modify the Powerwave Equipment to incorporate a matrix switch.

70.    On information and belief, when it filed the Complaint, Plaintiff was aware of the content of the applications that matured into the '256 Patent.

71.    On information and belief, when it filed the Complaint, Plaintiff was aware of the content of the public prosecution history of the applications that matured into the '256 Patent.

11

72.   On information and belief, when it filed the Complaint, Plaintiff was aware of the claims of the '256 Patent as issued.

73.   The claims of the '256 Patent as issued do not recite "Distributed Antenna Systems."

74.   The claims of the '256 Patent as issued do not recite "Base Station Hotels."

75.   On information and belief, before filing the Complaint, Plaintiff was aware of the content of European Patent Application No. EP 93 30 6447, and the inventor(s) thereof.

76.   Plaintiff's predecessors-in-interest were aware of the content of European Patent Application No. EP 93 30 6447 during prosecution of the applications which matured into the '256 Patent.

77.   European Patent Application No. EP 93 30 6447 was not disclosed to the U.S. Patent and Trademark Office during prosecution of the applications which matured into the '256 Patent.

78.   On information and belief, when it filed the Complaint, Plaintiff was aware of the reason why European Patent Application No. EP 93 30 6447 was allowed to go abandoned.

79.   On information and belief, when it filed the Complaint, Plaintiff was aware of the content of an amendment mailed on or about September 14, 1995.

80.   On information and belief, when it filed the Complaint, Plaintiff was aware of the content of page 7 of the amendment mailed on or about September 14, 1995.

81.    In the amendment mailed on or about September 14, 1995, the putative inventors' representative amended the independent claims 1, 2, 13 and 14 to recite "a plurality" of RF transceivers.  The representative rewrote dependent claim 6 as an independent claim that recites "a plurality" of radio transceivers.

82.   In the amendment mailed on or about September 14, 1995, the putative inventors' representative distinguished systems comprising multiple independent networks from the claimed invention, which "involves interconnecting all transceivers and ports."

83.   In the amendment mailed on or about September 14, 1995, the putative inventors' representative distinguished baseband switching from "switching [that] takes place between the transceivers and radio ports."

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                          CASE NO. C 08-1565 VRW

84.    On information and belief, when it filed the Complaint, Plaintiff was aware of the content of an amendment mailed on or about January 29, 1996.

85.    In the amendment mailed on or about January 29, 1996, the putative inventors' representative amended independent claims 1, 2, 13 and 14 to recite a plurality of "independently operated" RF tranceivers, and amended independent claims 1, 2, 13, 14 and 15 to recite that the fiber optic network "selectively" interconnects the RF transceivers and fixed radio ports.

86.    In the amendment mailed on or about January 29, 1996, the putative inventors' representative stated (emphasis added):

> All that Powell shows is two networks, each having a single RF transceiver permanently connected to a number of antenna sites. . . .
>
> The Examiner hypothesizes that Powell's system could be extended by having a plurality of transceivers interconnected with the antenna sites. However, there is no suggestion in the prior art that this might be done. It is noted in particular that in Powell's branched network ***all the antenna sites are necessarily transmitting/receiving the same signals***, since they are being used to enlarge the size of a single cell. There is no need for more than one transceiver to be connected to them. Simply pluralizing Powell's system would simply produce several topologically separate branched networks, each having a single transceiver. Alternatively, ***adding a second transceiver to a single branched network of the Powell type, as the Examiner suggests, would not achieve a useful result as each antenna would transmit the output of all the transceivers.***

87.    In the amendment mailed on or about January 29, 1996, the putative inventors' representative further stated:

> In contrast [to a combination of the cited references], the present invention consist of migrating all the RF transceivers to a central station, and selectively interconnecting the radio ports (antenna sites) with the transceivers, by means of an optical fibre network.

88.    All of NewPath's outdoor antenna systems receive a single RF signal for a single cell.

89.    On information and belief, when it filed the Complaint, Plaintiff was aware that all of NewPath's outdoor systems receive a single RF signal for a single cell.

90.    Only one of NewPath's systems receives more than one RF signal, and in that system all of the antennas transmit all of the RF signals.

91.    Plaintiff filed the Complaint shortly after losing to NewPath in a competitive bid process for a substantial contract to provide antenna system related services.

13

92.     Plaintiff filed the Complaint within days before the industry's largest annual meeting.

93.     On information and belief, when it filed the Complaint, Plaintiff knew that the ADC Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the ADC Equipment is digital.

94.     Plaintiff is currently aware that the ADC Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the ADC Equipment is digital.

95.     On information and belief, when it filed the Complaint, Plaintiff knew that the ADC Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the ADC Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

96.     Plaintiff is currently aware that the ADC Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the ADC Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

97.     On information and belief, when it filed the Complaint, Plaintiff knew that the ADC Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the ADC Equipment does not have a matrix switch.

98.     Plaintiff is currently aware that the ADC Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the ADC Equipment does not have a matrix switch.

99.     On information and belief, when it filed the Complaint, Plaintiff knew that the Andrew Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Andrew Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

100.     Plaintiff is currently aware that the Andrew Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Andrew Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

14

101.    On information and belief, when it filed the Complaint, Plaintiff knew that the Andrew Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Andrew Equipment does not have a matrix switch.

102.    Plaintiff is currently aware that the Andrew Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Andrew Equipment does not have a matrix switch.

103.    On information and belief, when it filed the Complaint, Plaintiff knew that the Powerwave Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Powerwave Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

104.    Plaintiff is currently aware that the Powerwave Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Powerwave Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

105.    On information and belief, when it filed the Complaint, Plaintiff knew that the Powerwave Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Powerwave Equipment does not have a matrix switch.

106.    Plaintiff is currently aware that the Powerwave Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Powerwave Equipment does not have a matrix switch.

107.    On information and belief, Plaintiff's infringement claims are brought in bad faith with knowledge that Defendant has not and does not infringe any valid rights of Plaintiff in the '256 Patent.

108.    On information and belief, Plaintiff's claims are brought in bad faith with knowledge that the '256 Patent is invalid and/or unenforceable.

109.    Plaintiff's infringement claims are objectively baseless and brought in bad faith.

110.    Plaintiff's infringement claims were brought with an intent to interfere with NewPath's existing and potential business relationships.

15

111.    NewPath had a supplier agreement with Andrew, and continuation of that supplier agreement would have benefited NewPath.

112.    When it filed the Complaint, Plaintiff was, on information and belief, aware of NewPath's business relationship with Andrew.

113.    Plaintiff knew its objectively baseless infringement allegations were likely to disrupt NewPath's relationship with Andrew.

114.    Andrew terminated a business relationship with NewPath.

115.    On information and belief, Andrew terminated the business relationship with NewPath because of Plaintiff's objectively baseless allegations of infringement of the '256 Patent.

116.    Plaintiff's requests for preliminary and permanent injunctive relief are objectively baseless, particularly in view of NewPath's non-infringement, Plaintiff's long knowledge of NewPath's existence, and the short amount of patent term remaining for the '256 Patent.

117.    On information and belief, Plaintiff filed the present action either without conducting an adequate pre-filing investigation into its allegations of infringement, or with knowledge that its infringement allegations were objectively baseless.

118.    Defendant reserves the right to add affirmative defenses and claims or to institute additional actions as additional facts are obtained through discovery.

## AFFIRMATIVE DEFENSES

In further reply to Plaintiff's claims, and as affirmative defenses thereto, Defendant incorporates Defendant's Factual Allegations as set forth above and further alleges as follows:

119.    Plaintiff's claims are barred in whole or in part by:

    a.    the statute of limitations; or

    b.    the doctrines and principles of waiver, estoppel, unclean hands, inequitable conduct and laches.

120.    The Complaint fails to state a claim upon which relief may be granted.

121.    Defendant did not infringe, has not infringed and is not infringing any valid claim of the '256 Patent, either directly or under the doctrine of equivalents.

16

122.    The '256 Patent is, on information and belief, invalid for failure to satisfy the requirements for patentability of one or more of the sections of the Patent Act, Title 35, United States Code (hereinafter "35 U.S.C.").

123.    The '256 Patent is, on information and belief, invalid for failing to meet the written description and/or enablement requirements under 35 U.S.C. § 112.

124.    The '256 Patent is, on information and belief, invalid for failing to meet the best mode requirement under 35 U.S.C. § 112.

125.    The '256 Patent is, on information and belief, invalid for failing to meet the definiteness requirement under 35 U.S.C. § 112.

126.    The '256 Patent is, on information and belief, invalid for failure to meet the conditions of patentability of one or more of the subsections of 35 U.S.C. § 102.

127.    The '256 Patent is, on information and belief, invalid under 35 U.S.C. § 102 because the alleged inventors did not invent the subject matter sought to be patented in the '256 Patent.

128.    The '256 Patent is, on information and belief, invalid for failure to meet the conditions of patentability of one or more of the subsections of 35 U.S.C. § 103.

129.    The '256 Patent is, on information and belief, unenforceable because Plaintiff, whether alone or acting in concert with others, has knowingly misused the '256 Patent by asserting and threatening to assert patent infringement without regard to whether the accused systems infringe any valid and enforceable claim of the '256 Patent, and by wrongfully seeking to extend the '256 Patent beyond its lawful scope.  Plaintiff's misuse and its effects continue.

130.    Plaintiff has failed to mitigate any alleged damages.

131.    Defendant acted innocently and in good faith.

132.    The prior art so limits and restricts the scope of the '256 Patent claims that Defendant cannot be considered to have infringed Plaintiff's rights.

133.    Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and adequate remedies at law are available to Plaintiff.

134.    Plaintiff is estopped from construing any claim of the '256 Patent to cover or include, either literally or by application of the Doctrine of Equivalents, any product made, used, imported,

17

sold, or distributed by the Defendant, as a result of acts, representations, admissions, or omissions made during the prosecution of the patent application that matured into the '256 Patent.

135.    On information and belief, Plaintiff filed another infringement action against another competitor raising similar objectively baseless allegations of infringement of the '256 Patent.

## COUNTERCLAIMS

Defendant NewPath Networks, LLC, incorporates Defendant's Factual Allegations and Affirmative Defenses as set forth above, and asserts the following counterclaims against Plaintiff NextG Networks, Inc.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT INVALIDITY

136.    Defendant incorporates by reference each of the averments contained in the foregoing paragraphs as though fully set forth herein.

137.    An actual controversy exists between Plaintiff and Defendant regarding the validity of the claims of the '256 Patent.

138.    Defendant therefore requests a Declaratory Judgment that the claims of the '256 Patent are invalid.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

139.    Defendant incorporates by reference each of the averments contained in the foregoing paragraphs as though fully set forth herein.

140.    An actual controversy exists between Plaintiff and Defendant regarding whether any valid claim of the '256 Patent is infringed by Defendant.

141.    Defendant therefore requests a Declaratory Judgment that Defendant does not infringe any valid claim of the '256 Patent.

18

1

2

## COUNT III

3

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

4    142.    Defendant incorporates by reference each of the averments contained in the foregoing

5    paragraphs as though fully set forth herein.

6    143.    An actual controversy exists between Plaintiff and Defendant regarding whether

7    Plaintiff has misused and is misusing the '256 Patent.

8    144.    Defendant therefore requests a Declaratory Judgment that the '256 Patent is

9    unenforceable.

10

11

## COUNT IV

12

## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP IN

13

## VIOLATION OF WASHINGTON LAW

14    145.    Defendant incorporates by reference each of the averments contained in the foregoing

15    paragraphs as though fully set forth herein.

16    146.    On information and belief, Plaintiff has publicly threatened litigation against

17    NewPath and filed the present action without an objective basis therefore against NewPath in bad

18    faith and for the improper purpose of interfering with the business relationships of a competitor.

19    147.    Plaintiff's actions complained of herein constitute tortiuous interference with a

20    contractual relationship in violation of Washington law.

21    148.    Plaintiff's actions have damaged, and will continue to damage, Defendant's market

22    share, reputation, and goodwill, and have discouraged and may discourage current and potential

23    customers and vendors from dealing with Defendant.  Such irreparable harm will continue unless

24    Plaintiff's acts are restrained and/or enjoined.

25    149.    Defendant has been damaged by Plaintiff's actions in an amount to be proven at trial.

26

27

28

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                                CASE NO. C 08-1565 VRW

## COUNT V

## NEGLIGENT INTERFERENCE WITH A BUSINESS EXPECTANCY IN VIOLATION OF CALIFORNIA LAW

150. Defendant incorporates by reference each of the averments contained in the foregoing paragraphs as though fully set forth herein.

151. On information and belief, Plaintiff has publicly threatened litigation against NewPath and filed the present action without an objective basis therefore against NewPath in bad faith and for the improper purpose of interfering with the business relationships of its competitor, NewPath.

152. NewPath and Andrew had an economic relationship.

153. Plaintiff knew, or should have known, that NewPath and Andrew had an economic relationship, and that this economic relationship probably would have resulted in a future economic benefit to NewPath.

154. Plaintiff knew, or should have known, that NewPath's relationship with Andrew would be disrupted if Plaintiff failed to act with reasonable care.

155. Plaintiff knew, or should have known, that the actions complained of herein were likely to disrupt NewPath's economic relationship with Andrew.

156. Plaintiff failed to act with reasonable care, and engaged in wrongful conduct when it asserted objectively baseless infringement allegations against NewPath.

157. Plaintiff engaged in further wrongful conduct through its patent misuse.

158. Plaintiff's wrongful conduct complained of herein was a substantial factor in causing Andrew to terminate, or otherwise disrupt the economic relationship with NewPath.

159. Plaintiff's actions have damaged, and will continue to damage, Defendant's market share, reputation, and goodwill, and have discouraged and may discourage current and potential customers and vendors from dealing with Defendant.  Such irreparable harm will continue unless Plaintiff's acts are restrained and/or enjoined.

160. Defendant has been damaged by Plaintiff's actions in an amount to be proven at trial.

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                                    CASE NO. C 08-1565 VRW

## COUNT VI

## UNFAIR BUSINESS COMPETITION IN VIOLATION OF CALIFORNIA LAW
## (BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*)

161.    Defendant incorporates by reference each of the averments contained in the foregoing paragraphs as though fully set forth herein.

162.    Plaintiff has engaged, and continues to engage, in unlawful, unfair, fraudulent, untrue, and business practices likely to deceive members of the general public and the competition, and harm Defendant, through the wrongful conduct complained of herein, including acts of patent misuse, misrepresentation of NewPath as a patent infringer, and tortiuous interference.

163.    By engaging in the wrongful conduct complained of herein, Plaintiff has committed one or more acts of unfair competition with the meaning of California Business & Professions Code § 17200, *et seq.*

164.    Plaintiff's actions have damaged, and will continue to damage, Defendant's market share, reputation, and goodwill, and have discouraged and may discourage current and potential customers and vendors from dealing with Defendant.

165.    Defendant will continue to be damaged unless Plaintiff is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business practices complained of herein.  Such irreparable harm will continue unless Plaintiff's acts are restrained and/or enjoined.

166.    Defendant has been damaged by Plaintiff's actions in an amount to be proven at trial.

167.    So as not to be unjustly enriched by its own wrongful conduct, Plaintiff should be required to provide restitution and disgorge all monies wrongfully obtained by Plaintiff as a result of its unfair competition as complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Defendant NewPath Networks, LLC prays for relief and judgment as follows:

1.    That the Complaint be dismissed with prejudice.

21

2.      That the Court declare that the '256 Patent is invalid.

3.      That the Court declare that Defendant did not, does not and has not infringed, directly, contributorily, or by inducement, any valid and enforceable claim of the '256 Patent.

4.      That the Court declare that the '256 Patent is unenforceable.

5.      That Plaintiff, its respective officers, agents, servants, employees, and attorneys, and all others in active concert or participation with Plaintiff, and each of them, be preliminarily and permanently enjoined and restrained from:

a.      From making any claims to any person or entity that NewPath's systems and related services infringe the '256 Patent;

b.      From interfering with, or threatening to interfere with, the installation or use of antenna systems by NewPath, its allied parties, suppliers, distributors, customers, licensees, successors or assigns, and others;

c.      From instituting or prosecuting any lawsuit or proceeding, placing in issue the right of NewPath, its allied parties, suppliers, distributors, customers, licensees, successors or assigns, and others to install, use, or sell antenna systems and related services.

6.      That Plaintiff be required to pay Defendant such damages as Defendant has sustained, or will sustain, in consequence of Plaintiff's tortiuous and negligent interference and unfair competition, and to account for all gains, profits, and advantages derived by Plaintiff that are attributable to such unlawful acts, and that such damages be enhanced as permitted by law.

7.      That this Court award Defendant its reasonable attorneys' fees and costs of suit herein.

8.      That this Court grant prejudgment and post judgment interest to Defendant.

9.      That this Court grant Defendant such other and further relief as the Court deems appropriate.

///

///

22

DATED this 15th day of May, 2008

Respectfully submitted,

/s/Omid A. Mantashi

_____

Omid A. Mantashi (SBN 208226)
Law Offices of Omid A. Mantashi
360 Grand Avenue, Ste. 90
Oakland, California  94610
Telephone:  (510) 593-9442

Timothy L. Boller, WSBA # 29079
SEED IP Law Group, PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington  98104
Telephone:  (206) 622-4900

Attorneys for Defendant
NEWPATH NETWORKS, LLC

23

1

**DEMAND FOR JURY TRIAL**

2

Pursuant to Fed. R. Civ. Proc. 38(b), Defendant and Counterclaim Plaintiff NewPath

3

Networks, LLC, hereby demands a trial by jury on all issues so triable.

4

5

Dated: May 15, 2008                    Respectfully submitted,

6

/s/Omid A. Mantashi

7

8        _____
         Omid A. Mantashi (SBN 208226)

9        Law Offices of Omid A. Mantashi
         360 Grand Avenue, Ste. 90
         Oakland, California  94610
10       Telephone:  (510) 593-9442

11       Timothy L. Boller, WSBA # 29079
         SEED IP Law Group, PLLC
12       701 Fifth Avenue, Suite 5400
         Seattle, Washington  98104
13       Telephone:  (206) 622-4900

14

15       Attorneys for Defendant
         NEWPATH NETWORKS, LLC

16

17       1166879_2.DOC

18

19

20

21

22

23

24

25

26

27

28

ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                    CASE NO. C 08-1565 VRW