JEFFREY A. MILLER (STATE BAR NO. 160602)
jmiller@orrick.com
JASON S. ANGELL (STATE BAR NO. 221607)
jangell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 1-650-614-7400
Facsimile: 1-650-614-7401

Attorneys for Plaintiff
NextG Networks, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NextG Networks, Inc., a Delaware corporation,,

Plaintiff,

v.

NewPath Networks, L.L.C., a New Jersey limited liability corporation,,

Defendant.

Case No. c-08-01565-VRW

**PLAINTIFF NEXTG NETWORKS, INC.'S NOTICE OF MOTIONS AND MOTION TO STRIKE, MOTION TO DISMISS AND ANTI-SLAPP MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: August 28, 2008
Time: 2:30 p.m.
Judge: Hon. Vaughn R. Walker

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 3

II. STATEMENT OF FACTS ..... 4

III. THE COURT SHOULD STRIKE NEWPATH'S INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE ..... 6

A. NewPath Failed To Adequately Plead Inequitable Conduct ..... 6

1. NewPath Does Not Allege The Required Elements Of Inequitable Conduct ..... 6

2. NewPath Fails To Plead Inequitable Conduct With The Required Particularity ..... 7

B. NewPath's Patent Misuse Defense Should Also Be Stricken ..... 9

C. The Court Should Strike NewPath's "Fraud" Allegations ..... 10

IV. NEWPATH'S COUNTERCLAIMS FOR UNENFORCEABILITY, INTENTIONAL INTERFERENCE, NEGLIGENT INTERFERENCE, AND UNFAIR COMPETITION SHOULD BE DISMISSED ..... 10

A. The Court Should Dismiss NewPath's Unenforceability Counterclaim ..... 11

B. NewPath's Counterclaim for Tortious Interference With Contractual Relationship Is Fatally Predicated on Privileged Conduct ..... 12

1. NextG's Filing Of This Lawsuit Is Privileged ..... 12

2. NextG's Alleged Threats Of Litigation Are Also Privileged ..... 15

C. The Negligent Interference Claim Should Be Dismissed Because It Is Based On Privileged Conduct And Because NextG Owes NewPath No Duty Of Care ..... 15

1. Count V Must Be Dismissed Because NextG's Actions Were Privileged ..... 15

2. NewPath Has Not And Cannot Allege The Special Relationship Required To Establish A Duty Of Care ..... 15

D. The Court Must Dismiss NewPath's Counterclaim for Unfair Competition ..... 16

V. NEWPATH'S COUNTERCLAIMS SHOULD BE STRICKEN PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE ..... 16

A. NewPath's State Law Claims Are Based On Conduct Protected by the Anti-SLAPP Statute ..... 18

B. NewPath Cannot Demonstrate A Probability Of Prevailing ..... 20

VI. CONCLUSION ..... 21

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

1994 U.S. Dist. LEXIS 19362 (N.D.Cal. 1994) ........ 7

*Abogados [v. AT&T Inc.,* 223 F.3d 932 (9th Cir.2000)] ........ 13

*Aptix Corp. V. Quickturn Design Systems, Inc.,* 269 F.3d 1369 (Fed. Cir. 2001) ........ 11

*Ariad Pharm., Inc.* v. *Eli Lilly & Co.,* 529 F. Supp. 2d 106 (D.Mass. 2007) ........ 7

*Bell Atlantic Corp.* v. *Twombly,* 127 S. Ct. 1955 (2007) ........ 10

*Burlington Indust., Inc.* v. *Dayco Corp.,* 849 F.2d 1418 (Fed. Cir. 1988) ........ 8

*C.R. Bard, Inc.* v. *M3 Sys, Inc.,* 157 F.3d 1340 (Fed. Cir. 1998) ........ 11

*Central Admixture Pharmacy Services, Inc.* v. *Advanced Cardiac Solutions, P.C.,* 482 F.3d 1347 (Fed. Cir. 2007) ........ 7, 8, 9

*Chiron Corp.* v. *Abbott Labs.,* 156 F.R.D. 219 (N.D.Cal. 1994) ........ 8, 9

*Conley* v. *Gibson,* 355 U.S. 41 (1957) ........ 10

*Everest & Jennings, Inc.* v. *Am. Motorists Ins. Co.,* 23 F.3d 226 (9th Cir. 1994) ........ 11

*Ferguson Beuregard/Logic Controls, Inc.* v. *Mega Sys., L.L.C.,* 350 F.3d 1327 (Fed. Cir. 2003) ........ 7

*Homedics, Inc.* v. *Valley Forge Ins. Co.,* 315 F.3d 1135 (9th Cir.2003) ........ 13

*Honeywell Int'l, Inc.* v. *Universal Avionics Sys. Corp.,* 488 F.3d 982 (Fed. Cir. 2007) ........ 6

*Jacobson* v. *Hughes Aircraft,* 105 F.3d 1288 (9th Cir. 1997) ........ 11

*Jenkins* v. *McKeithen,* 395 U.S. 411 (1969) ........ 11

*Kingsdown Medical Consultants* v. *Hollister, Inc.,* 863 F.2d 867 (Fed. Cir. 1988) ........ 7

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*MRO Communs., Inc.* v. *AT&T Co.*,
197 F.3d 1276 (9th Cir. 1999)........................................................................................ 12

*Microsoft* v. *BEC Computer Co., Inc.*,
818 F. Supp. 1313 (C.D.Cal. 1992).................................................................................. 14

*Miranda* v. *Clark County, Nev.*,
279 F.3d 1102 (9th Cir. 2002)........................................................................................ 11

*Multimedia Patent Trust*, v. *Microsoft Corp.*,
525 F. Supp. 2d 1200 (S.D.Cal. 2007)............................................................................ 6, 8

*Paracor Fin., Inc.* v. *General Elec. Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996).......................................................................................... 12

*Rasidescu* v. *Midland Credit Management, Inc.*,
496 F. Supp. 2d 1155 (S.D. Cal. 2007)........................................................................ 12, 13

*Sidney-Vinstein* v. *A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983)............................................................................................ 6

*Sprewell* v. *Golden State Warriors*,
266 F.3d 979 *as amended by*, 275 F.3d 1187 (9th Cir. 2001)........................................... 11

*Stanbury Law Firm* v. *IRS*,
221 F.3d 1059 (8th Cir. 2000)........................................................................................... 6

*Stowe Woodward, L.L.C.* v. *Sensor Products, Inc.*,
230 F.R.D. 463 (W.D.Va. 2005)......................................................................................... 9

*W. Mining Council* v. *Watt*,
643 F.2d 618 (9th Cir. 1981).......................................................................................... 11

### STATE CASES

*Action Apartment Ass'n, Inc.* v. *City of Santa Monica*,
41 Cal. 4th 1232 (2007) ............................................................................................ 13, 14

*Aronson* v. *Kinsella*,
58 Cal. App. 4th 254 (1997) ............................................................................................ 15

*Blanchard* v. *DirecTV, Inc.*,
123 Cal. App. 4th 903 (2004) ........................................................................ 16, 17, 18, 19

*Briggs* v. *Eden Council for Hope and Opportunity*,
19 Cal. 4th 1106 (1996) ............................................................................................ 17, 18

*Contemporary Services Corporation* v. *Staff Pro, Inc.*,
152 Cal. App. 4th 1043 (2007) ........................................................................................ 18

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Dove Audio, Inc.* v. *Rosenfeld, Meyer & Susman*,
47 Cal. App. 4th 777 (1996) .................... 15, 18, 19, 20

*DuPont Merck Pharm. Co.* v. *Superior Court*,
78 Cal. App. 4th 562 (2000) .................... 18, 20

*Equilon Enterprises, L.L.C.* v. *Consumer Cause, Inc.*,
29 Cal. 4th 53 (2002) .................... 17

*Gold Seal Chinchillas, Inc.* v. *State*,
69 Wash. 2d 828 (1966).................... 14

*J'Aire Corp.* v. *Gregory*,
24 Cal. 3d 799 (1979) .................... 15

*Kajima Eng'g & Constr., Inc.* v. *City of Los Angeles*,
95 Cal. App. 4th 921 (2002) .................... 18

*Kashian* v. *Harriman*,
98 Cal. App. 4th 892 (2002) .................... 17

*Ludwig* v. *Superior Court*,
37 Cal. App. 4th 8 .................... 18

*Macias* v. *Hartwell*,
55 Cal. App. 4th 669 (1997) .................... 16

*McClure* v. *Stretch*,
20 Wash. 2d 460, 147 P.2d 935 (1944).................... 14

*Neville* v. *Chudacoff* ,
160 Cal. App. 4th 1255 (2008) .................... 15

*Oren Royal Oaks Venture* v. *Greenberg, Bernard, Weiss & Karma, Inc.*,
42 Cal. 3d 1157 (1987) .................... 14

*Rohde* v. *Wolf*,
154 Cal. App. 4th 28 (2007) .................... 18, 19, 20

*Rubin* v. *Green*,
4 Cal. 4th 1187 (1999) .................... 13, 15, 16

*Rusheen* v. *Cohen*,
37 Cal. 4th 1048 (2006) .................... 16, 17, 18, 20

*Silberg* v. *Anderson*,
50 Cal. 3d 205 (Cal. 1990).................... 13

*Stolz* v. *Wong Communications, Ltd. P'ship*,
25 Cal. App. 4th 1811 (1994) .................... 15

## TABLE OF AUTHORITIES (continued)

**Page**

*Xilinx, Inc.* v. *Altera Corp.*, 1994 WL. 782236 ........ 7

## FEDERAL STATUTES

35 U.S.C. § 271(d)(3)........ 10, 11

35 U.S.C. § 285........ 14

Fed.R.Civ.P. 9(b) ........ 1 8, 9, 10

Fed. R. Civ. P. 12(f)........ 1, 6

Fed. R. Civ. P. 12(b)(6)........ 1, 10

## STATE STATUTES

Cal. Code Civ. Proc. 47(b)(2) ........ 4, 13

Cal. Code Civ. Proc. 425.16(b)(1) ........ 17

Cal. Code Civ. Proc. 425.16........ 1, 16

**NOTICE OF MOTIONS AND MOTIONS**

TO DEFENDANT NEWPATH NETWORKS, L.L.C.. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on August 28, 2008, at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Vaughn R. Walker, in Courtroom 6, on the 17th Floor of the above Court, at 450 Golden Gate Avenue, San Francisco, California, plaintiff/counter-defendant NextG Networks, Inc. ("NextG") will and hereby does move this Court, pursuant to Fed. R. Civ. P. 12(f), for an order striking defendant/counterclaimant NewPath Network L.L.C.'s ("NewPath") affirmative defenses of inequitable conduct and patent misuse. NextG's motion to strike is made on the grounds that (1) NewPath has failed to plead elements necessary to establish inequitable conduct as an affirmative defense, (2) fails to allege inequitable conduct with particularity as required by Federal Circuit authority, and (3) the patent statute explicitly precludes a patent misuse defense based upon the filing of a patent infringement lawsuit. NextG also moves to strike allegations made in its counterclaim under California Business & Professions Code Section 17200, which alleges fraud but fails to plead this alleged fraud with particularity, as required by Fed.R.Civ.P. 9(b).

PLEASE TAKE FURTHER NOTICE that, at the above mentioned time and place, NextG will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing NewPath's Counterclaims for intentional interference with a contractual relationship under Washington law, negligent interference with a business expectancy under California Law, unfair competition under California Business & Professions Code Section 17200 and for patent unenforceability. NextG's motion to dismiss is based on the grounds that (1) NewPath's counterclaim for intentional interference under Washington law, (2) its counterclaim for negligent interference under California law, and (3) its counterclaim for unfair competition under California Business & Professions Code Section 17200 are barred as a matter of law. NewPath's counterclaim for patent unenforceability should be dismissed for the same reasons its parallel affirmative defenses should be stricken.

PLEASE TAKE FURTHER NOTICE that, at the abovementioned time and place, NextG will and hereby does move this Court, pursuant to California's Anti-SLAPP statute, California

Code of Civil Procedure Section 425.16, for an order striking NewPath's Counterclaims for intentional interference with a contractual relationship under Washington law, negligent interference with a business expectancy under California Law and unfair competition under California Business & Professions Code Section 17200. NextG also moves for an aware of attorneys' fees pursuant to Code of Civil Procedure Section 425.16(c).

These motions are based upon this paper, the Declaration of Jeffrey A. Miller filed in support of this motion, all pleadings and papers on file in this action, any matter of which the Court may or must take judicial notice, any documentary evidence or oral evidence given at the hearing on this motion, and any other matter the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 21, 2008, NextG Networks, Inc. (“NextG”) filed this action in an attempt to protect its rights in U.S. Patent No. 5,682,256 (the ‘256 patent”) and to stop NewPath Networks, L.L.C.’s (“NewPath”) infringement. NewPath’s Answer and Counterclaims (“Counterclaims”) asserts *inter alia*, an inequitable conduct affirmative defense. Counterclaims, ¶119. NewPath also pleads numerous counterclaims, including an unenforceability counterclaim (Count III) and counterclaims for intentional interference with a contractual relationship under Washington law (Count IV), negligent interference with a business expectancy (Count V) and unfair competition under California Business & Professions Code Section 17200 (Count VI). Other than NewPath’s unenforceability counterclaim (as well as its non-infringement and invalidity counterclaims not at issue in this motion), NewPath’s remaining counterclaims are based solely on NewPath’s allegations that (1) NextG filed the present lawsuit, which NewPath alleges is “objectively baseless,” and (2) NextG made threats of infringement litigation against NewPath (although these threats are not specified and are pleaded solely “on information and belief”).

NewPath’s inequitable conduct affirmative defense should be stricken and the parallel counterclaim should be dismissed since NewPath has failed to plead the requisite requirements of the defense. To plead inequitable conduct, NewPath must allege that the patentee failed to disclose (1) ***material*** information (2) with the ***intent to deceive*** the patent office. NewPath’s conclusory pleadings are devoid of any allegations of ***materiality*** or ***an intent to deceive***. Moreover, NewPath’s allegations of inequitable conduct fail to comply with the particularity required by the Federal Circuit. NewPath, however, fails to identify with any specificity what was allegedly not disclosed, why it was material to patentability, and how any such undisclosed material information was intended to deceive the Patent Office, leaving NextG and this Court to guess what NewPath’s inequitable conduct claim is.

The Court should also dismiss NewPath’s counterclaims for intentional inference with contractual relationships, negligent interference with a business expectancy, and unfair competition. Despite their varying flavors, NewPath’s counterclaims are all predicated on the

same allegedly wrongful conduct: (1) NextG's filing of this lawsuit, and (2) alleged but unidentified threats of litigation. However, it is well-established under California law that a party's filing of a lawsuit and conduct and communications in pursuit thereof are privileged under Cal. Civ. Code 47(b)(2). As a result, each of these counterclaims must be dismissed to the extent they are based on the filing of this lawsuit. Similarly, to the extent these counterclaims are based on NextG's alleged threats of litigation, as will be discussed, the litigation privilege extends to pre-litigation threats.[1]

Finally, NewPath's counterclaims for intentional inference with contractual relationships, negligent interference with a business expectancy, and unfair competition attempt to chill NextG's rights under the U.S. and California constitution. Thus, they should be stricken under California's Anti-SLAPP statute.

## II. STATEMENT OF FACTS

This action arises out of NewPath's unauthorized sale and use of technology covered by NextG's '256 patent. NextG designs, uses and sells what are called "Distributed Antenna System" networks ("DAS networks"). *See* Ex. 1 to *Miller Decl.*, NextG Complaint ("Complaint"), ¶ 4. NextG's DAS networks allow wireless service providers to implement wireless networks such as cellular telephone services where cell phone towers are undesirable, too expensive or not feasible. Complaint, ¶ 7. NewPath competes with NextG by selling and using its own DAS networks which NextG asserts infringe claims of the '256 patent. Complaint, ¶¶ 6-8.

NewPath's inequitable conduct affirmative defense and counterclaim are premised on allegations that NextG's predecessors-in-interest failed to disclose something (exactly what is not pleaded) regarding a European patent application during prosecution of the '256 patent application:[2]

---

[1] NewPath's state law claims are also barred on the merits by *Noerr-Pennington.* However, because NewPath has alleged that this lawsuit is "objectively baseless," NextG does not believe a *Noerr-Pennington* challenge at the pleading stage would be productive.

[2] The '256 patent was filed by British Telecom. NextG acquired all right, title and interest to the '256 patent in 2005. *Miller Decl.*, ¶2.

> 75. On information and belief, before filing this Complaint, Plaintiff was aware of the content of European Patent Application No. EP 93 30 6447, and the inventor(s) thereof.
>
> 76. Plaintiff's predecessors-in-interest were aware of the content of European Patent Application No. EP 93 30 6447 during prosecution of the applications which matured into the '256 Patent.
>
> 77. European Patent Application No. EP 93 306647 was not disclosed to the U.S. Patent and Trademark Office during prosecution of the applications which matured into the '256 Patent.
>
> 78. On information and belief, when it filed the Complaint, Plaintiff was aware of the reason why European Patent Application No. EP 93 30 6447 was allowed to go abandoned.

Counterclaims, ¶¶ 75-78 (Ex. 2 to *Miller Decl*., NewPath's Answer, Affirmative Defenses, and Counterclaims). NewPath does not, however, allege that the European Patent Application EP 93 30 6647 ("EP 93 30 6447") is either material prior art or contains material information, or any specifics about the allegedly undisclosed information. Nor does NewPath allege that NextG's predecessors-in-interest withheld EP 93 30 6447 with the intent to deceive the patent office.

NextG notes that despite diligent efforts, NextG cannot find a European Patent application designated "EP 93 30 6447." *Miller Decl*., ¶5 and Ex. 3. When one searches the European Patent Office's website in an attempt to locate this application, there is no record of any application bearing the designation appearing in NewPath's Counterclaims. *Id*. However, one thing that can be discerned without even looking at the purported application is that it is not prior art to the '256 patent. In particular, the "93" in the application number indicates that it was filed (although not necessarily published until later) in 1993, which is five years after the priority date of the '256 patent (which is November 10th, 1988).[3] Thus, it is a complete mystery as to what exactly NextG's predecessor should have disclosed to the patent office.

NewPath also alleges six counterclaims, most notably its fourth, fifth, and sixth counterclaims, respectively, for intentional inference with contractual relationships under Washington law, negligent interference with a business expectancy under California law, and unfair competition. These counterclaims are predicated solely on (1) NextG's filing of this

---

[3] For example, both European patent applications Nos. EP 93 30 6446 and EP 93 30 6448 can be found, and both were filed on August 16, 1993. *Miller Decl*., ¶¶6-7; Exs. 4-5.

lawsuit, and (2) alleged threats of infringement litigation. For instance, NewPath alleges:

> On information and belief, Plaintiff has publicly threatened litigation against NewPath and filed the present action without an objective basis therefore against NewPath in bad faith and for the improper purpose of interfering with the business relationships of a competitor.

Counterclaims, ¶146 (Count IV).

> On information and belief, Plaintiff has publicly threatened litigation against NewPath and filed the present action without an objective basis therefore against NewPath in bad faith and for the improper purpose of interfering with the business relationships of its competitor, NewPath.

Counterclaims, ¶151 (Count V). However, NewPath does not identify (1) the form of the alleged "threat," (2) any recipients of the alleged "threats," or (3) when any such "threat" was made.

## III. THE COURT SHOULD STRIKE NEWPATH'S INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE

Under Rule 12(f), this Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f); *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (asserting a court has broad discretion to strike such filings as it deems appropriate). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Although motions to strike are generally disfavored, the court may properly grant them where an affirmative defense is insufficient as a matter of law. *See Multimedia Patent Trust, v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1210-11 (S.D.Cal. 2007). NewPath's inequitable conduct affirmative defense allegations, found at ¶¶75-78 and 119(b) of NewPath's factual allegations and affirmative defenses, should be stricken.

### A. NewPath Failed To Adequately Plead Inequitable Conduct

#### 1. NewPath Does Not Allege The Required Elements Of Inequitable Conduct

To properly plead inequitable conduct, an alleged patent infringer must allege that (1) the patentee withheld ***material*** information and (2) did so with the ***intent to deceive or mislead*** the patent office. *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed. Cir.

2007); *see also Kingsdown Medical Consultants v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988) ("Inequitable conduct resides in the failure to disclose material information, or the submission of false material information, with an intent to deceive, and those two elements, materiality and intent, must be provide by clear and convincing evidence."). *Xilinx, Inc. v. Altera Corp.*, 1994 WL 782236 *1, *3; 1994 U.S. Dist. LEXIS 19362 (N.D.Cal. 1994) (copy attached at *Miller Decl*., Ex. 6). A party's failure to plead either materiality or intent is sufficient grounds to strike the defense. *See Xilinx, Inc., supra,* 1994 WL 782236 at *3; *see also, Ariad Pharm., Inc. v. Eli Lilly & Co.*, 529 F.Supp.2d 106, 135 (D.Mass. 2007). Here, NewPath fails on both accounts, as it did not plead either materiality or intent.

First, NewPath alleges that "European Patent Application No. EP 93 306447 was not disclosed to the U.S. Patent and Trademark Office". Counterclaims, ¶78. It does not, however allege that EP 93 30 6447 is "material," or identify what about EP 93 30 6447 makes it material to the patentability of the claims of the '256 patent. Second, NewPath alleges that "Plaintiff was aware of the content of the European Patent Application…." Counterclaims, ¶76. "Awareness" of a reference is not enough to satisfy the "intent to deceive" requirement of inequitable conduct. NewPath does not allege that NextG's predecessors-in-interest intended to deceive the patent office. Because NewPath fails to allege the elements necessary establish inequitable conduct, its inequitable conduct affirmative defense fails as a matter of law and should be stricken. *Xilinx, Inc., supra,* 1994 WL 782236 at *3.

**2. NewPath Fails To Plead Inequitable Conduct With The Required Particularity**

Beyond NewPath's failure to plead the required elements of inequitable conduct, its inequitable conduct affirmative defense still fails because NewPath's allegations do not comply with the pleading requirements mandated by the Federal Circuit. It is well-established that inequitable conduct claims must be plead with particularity. *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("We have held that inequitable conduct, while a broader concept than fraud, must be pled with particularity."); *Ferguson Beuregard/Logic Controls, Inc. v. Mega Sys., L.L.C.*, 350 F.3d 1327,

1344 (Fed. Cir. 2003);. Indeed, because inequitable conduct is essentially "fraud on the patent office," this Court has held that inequitable conduct allegations are subject to Rule 9(b). *Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 220-21 (N.D.Cal. 1994) (citing *Burlington Indust., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988)).

Inequitable conduct allegations that do not identify the allegedly "material" information and the time, place, and content of allegedly false statements have been found insufficiently particular to apprise the other party of the basis of the defense. *Central Admixture, supra*, 482 F.3d at 1356-57; *see Multimedia Patent Trust*, 525 F.Supp.2d at 1210-11; *Chiron Corp., supra*, 156 F.R.D. at 220-21. Thus, courts properly strike allegations of inequitable conduct that do not meet this standard. *Central Admixture, supra,* 482 F.3d at 1356 – 57.

In *Central Admixture*, the Federal Circuit struck a defendant's inequitable conduct affirmative defense that was based on allegations of withholding unspecified prior art and alleged but unspecified misrepresentations about certain measurements and units and how they applied to the prior art. *Id.* The court reasoned that the defendant's failure to specifically identify what was allegedly withheld from the patent office "failed to provide the required particularity to give notice to the other party of the facts on which the defense is premised":

> This pleading lacks the requisite particularity. It does not identify what relevant and undisclosed prior art was known to the patentee. It does not identify what relevant and undisclosed prior art was known to the patentee, what "measurements and units" were manipulated, or how that manipulation was meant to mislead the PTO.

*Id.* Also instructive is *Chiron*, where this Court struck an alleged infringer's claim for inequitable conduct because it failed to identify what portion of a seven-page declaration submitted to the patent office was misleading:

> In order to meet the requirements of Rule 9(b), Abbott must, at a minimum, specify the nature of the deception it alleges. This court has required that "allegations of fraud [be] specific enough to apprise defendants of the misconduct alleged…." [citation]. If Abbott is accusing Chiron of deliberately misleading the patent examiner about the state of art through Dr. Steimer's affidavit, Chiron must be afforded fair notice as to whether Abbot alleges that Dr. Steimer willfully concealed material prior art or whether she deliberately misstated her expert opinion…. ***If Abbot cannot***

> ***specify what about Dr. Steimer's seven-page declaration is deceptive, then Abbott may not allege that it is fraudulent.*** [Emphasis added.]

156 F.R.D. at 222-23; *see also Stowe Woodward, L.L.C. v. Sensor Products, Inc.*, 230 F.R.D. 463, 467 (W.D.Va. 2005).

Applying *Central Admixture* and *Chiron,* NewPath's allegations of inequitable conduct plainly are not pled with particularity because they fail to specifically identify what it is about EP 93 30 6447 that is material, why it was material, and what specifically NextG's predecessor knew about EP 93 30 6447, thereby obligating its disclosure to the patent office during prosecution of the '256 patent. This is especially problematic here, since as discussed above, to the extent it exists, EP 93 30 6447 is not prior art and therefore appears to be completely irrelevant to the patentability of the claims of the '256 patent. Thus, NextG is at a complete loss in understanding what NewPath's inequitable conduct consists of. This is exactly why the courts strike vague pleadings like NewPath's:

> The Federal Circuit's concern over the use of the inequitable conduct defense is justifiable, given the many dangers inherent in such a defense. These dangers are only heightened if parties are not held to Rule 9(b)'s pleading requirements. Defending against an allegation of inequitable conduct can consume enormous resources, particularly if the allegation fails to pinpoint the precise offending conduct. …. Specious allegations of inequitable conduct can thus be deployed as a delaying tactic, as an attempt to confuse the issues or mislead the court, or as a tool to generate more fees or make the case more expensive for an opponent to try or settle.
>
> Vague allegations of inequitable conduct may also be the launching of a "fishing expedition," allowing the accuser to embark on wide-ranging discovery upon a thimble-full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.

*Chiron*, 156 F.R.D. at 222. Accordingly, this Court should strike NewPath's inequitable conduct defense and in particular should strike paragraphs 75-78 and 119(b) of NewPath's Counterclaims.

### B. NewPath's Patent Misuse Defense Should Also Be Stricken

Paragraph 129 of NewPath's affirmative defenses asserts a defense of patent misuse:

> The '256 Patent is, on information and belief, unenforceable because Plaintiff, whether alone or acting in concert with others, has knowingly misused the '256 Patent by asserting and threatening to assert patent infringement without regard to whether the accused systems infringe any valid and enforceable claim of the '256 Patent,

> and by wrongfully seeking to extend the '256 Patent beyond its lawful scope. Plaintiff's misuse and its effects continue.

Counterclaims, ¶129. NewPath does not identify any alleged "misuse" of the '256 patent beyond its allegations that NextG filed this lawsuit. However, pursuant to 35 U.S.C. § 271(d)(3), the filing of a patent infringement lawsuit is not patent misuse as a matter of law:

> 271(d) No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following:
>
> * * *
>
> **(3)** sought to enforce his patent rights against infringement or contributory infringement

Since NewPath's misuse defense is precluded by the patent statute, the Court should strike the defense and paragraph 129 from it's Counterclaims.

### C. The Court Should Strike NewPath's "Fraud" Allegations.

In paragraphs 162 and 165, NewPath alleges that NextG has engaged in unspecified "fraudulent" conduct. NewPath does not identify any allegedly "fraudulent" conduct, and certainly does not plead the alleged "fraudulent" conduct with the particularity required by the Fed.R.Civ.P. 9(b). These allegations may be simply boilerplate language, but NextG respectfully submits that they should be stricken as inconsistent with the Rules.

## IV. NEWPATH'S COUNTERCLAIMS FOR UNENFORCEABILITY, INTENTIONAL INTERFERENCE, NEGLIGENT INTERFERENCE, AND UNFAIR COMPETITION SHOULD BE DISMISSED.

Under Federal Rule of Civil Procedure 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41 (1957), citing with approval 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

For purposes of a motion to dismiss, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). Although all reasonable inferences are to be drawn in favor of the plaintiff, *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997), the Court should not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 *as amended by*, 275 F.3d 1187 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

**A. The Court Should Dismiss NewPath's Unenforceability Counterclaim**

NewPath's Third Counterclaim is a request for a declaration that the '256 patent is "unenforceable." While NewPath does not explicitly say why the '256 patent should be declared unenforceable, the only grounds NextG can find in NewPath's pleading are its inequitable conduct and patent misuse allegations. Indeed, the only grounds on which a patent can be declared unenforceable is (1) if the patent was acquired through inequitable conduct before the Patent Office, *Aptix Corp. V. Quickturn Design Systems, Inc.*, 269 F.3d 1369, 1377-1378 (Fed. Cir. 2001) ("No case law from the Supreme Court or this court provides a basis for nullifying property rights granted by the United States when such property rights did not themselves accrue through inequitable conduct."), or (2) patent misuse, *C.R. Bard, Inc. v. M3 Sys, Inc*. 157 F.3d 1340, 1372 (Fed. Cir. 1998).

As discussed above, NewPath has failed to plead the elements necessary for an inequitable conduct defense and, in any event, has not pleaded it with the required particularity. Likewise, as also discussed above, NewPath's patent misuse defense is precluded as a matter of law. 35 U.S.C. § 271(d)(3). Thus, the Court should dismiss NewPath's third counterclaim.

**B.     NewPath's Counterclaim for Tortious Interference With Contractual Relationship Is Fatally Predicated on Privileged Conduct.**

**1.     NextG's Filing Of This Lawsuit Is Privileged**

NewPath alleges that NextG is liable under Washington law for tortious interference with NewPath's purported supplier agreement with Andrew Corporation. According to NewPath, NextG knew that its "objectively baseless infringement allegations were likely to disrupt NewPath's relationship with Andrew," that Andrew terminated its business relationship with NewPath, and that "[o]n information and belief, Andrew terminated the business relationship with NewPath because of Plaintiff's objectively baseless allegations of infringement of the '256 patent." Counterclaims, ¶¶111-115.[4] NewPath's counterclaims for intentional and negligent interference are completely barred by the applicable litigation privilege under both California and Washington law.

Because Count IV is brought under Washington law and is based on ostensibly privileged conduct, it raises questions about whether Washington's or California's litigation privilege law applies. "'In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state.'" *MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276 (9th Cir. 1999) (quoting *Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996)). Choice of law issues in California undergo a "governmental interest analysis" to evaluate the "respective interests of the states involved ... the object of which is to determine the law that most appropriately applies to the issue involved." *Rasidescu v. Midland Credit Management, Inc.*, 496 F.Supp.2d 1155, 1159 (S.D. Cal. 2007) (internal citations and quotations omitted). Accordingly:

> First, the court examines whether the substantive law of each state differs. Second, if there is a difference in the laws, the court determines whether each of the states has a legitimate interest in the

---

[4] NewPath does not allege that Andrew terminated its relationship with NewPath for any reason other than the fact that NextG filed this lawsuit. For example, NewPath does not allege that NextG had any communications with Andrew regarding the lawsuit or that NextG publicized its lawsuit in any way (other than in a vague and non-specific "on information and belief" pleading regarding threats of litigation). Thus, NewPath's pleading is silent as to how Andrew allegedly learned of the litigation. However, to be clear, NewPath does not allege that Andrew learned of the litigation from NextG.

> application of the rule of the decision at issue. If both states have a legitimate interest, then the court moves to the third step. Third, the court identifies and applies the law of the state whose interest would be more impaired if its law were not applied. *Abogados [v. AT&T Inc.*, 223 F.3d 932, 934 (9th Cir.2000)]. 'When neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law.' *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir.2003).

*Id.* If the law of California and Washington are not "meaningfully different," California law will apply and the analysis does not proceed beyond the first step of the analysis. *Id.* For example, in *Rasidescu*, the Court found no meaningful difference between the litigation privilege in California and Wisconsin. *Id.* at 1159 – 61. The Court granted the defendant's motion for judgment on the pleadings, finding that the California litigation privilege barred the plaintiff's fraud and negligence claims, which were based on alleged false statements and submissions made in connection with an arbitration proceeding in Wisconsin. *Id.* at 1161.

Both California and Washington recognize an absolute privilege applicable to litigation-related conduct. California Civil Code Section 47(b)(2) states in pertinent part that:

> A privileged publication or broadcast is one made:
> [¶] (b) in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure…

The purpose behind the privilege is evident: "Undergirding the immunity conferred by section 47(b) is the broadly applicable policy of assuring litigants 'the utmost freedom of access to the courts to secure and defend their rights….'" *Rubin v. Green*, 4 Cal.4th 1187, 1195 (1999) (citation omitted). Although originally applied in the context of defamation and libel actions, the privilege has since been expanded to apply to bar other claims, such as tortious interference and unfair competition that are predicated on privileged conduct. *Id.* at 1204; *see also Silberg v. Anderson*, 50 Cal.3d 205, 215 (Cal. 1990).

Moreover, California courts have consistently held that the "litigation privilege" protects the filing of a legal action, even if the litigation has been filed for an ulterior or improper purpose. *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1249 (2007) ("We

contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action."); *Oren Royal Oaks Venture v. Greenberg, Bernard, Weiss & Karma, Inc.*, 42 Cal.3d 1157 (1987); *Microsoft v. BEC Computer Co., Inc.*, 818 F.Supp. 1313, 1319 (C.D.Cal. 1992). For example, the California Supreme Court in *Action Apartment Ass'n, Inc. v. City of Santa Monica*, held that a city's ordinance which allowed tenants to sue landlords for ***bringing any action*** to recover the possession of a rental unit was preempted by California's litigation privilege. *Action Apartment*, 41 Cal.4th at 1249. The court reasoned that the city's ordinance conflicted with the "litigation privilege's" absolute protection, and as such, was preempted. *See id.* at 1249-1250. California's litigation privilege serves as an absolute bar to NewPath's intentional interference counterclaim, and NewPath's allegations that NextG's suit is "objectively baseless" do not serve to avoid application of the privilege.[5]

Like California, Washington recognizes an absolute privilege for statements made in the course of judicial proceedings, whether those statements are true or made maliciously. *McClure v. Stretch*, 20 Wash.2d 460, 464-65, 147 P.2d 935 (1944). So long as the allegations in a complaint "were made in a judicial proceeding, and were relevant and pertinent to the cause of action therein stated, [they are] absolutely privileged," and "the question of good faith is not an issue." *Id.* at 467 – 68; *see also Gold Seal Chinchillas, Inc. v. State*, 69 Wash.2d 828, 830 (1966) (Washington attorney general and staff were absolutely immune from liability for a press release discussing the initiation of a lawsuit). Because Washington's application of the litigation privilege is not "meaningfully different" from California's formulation of the litigation privilege, California law applies.[6]

Thus, to the extent NewPath's counterclaim is based on NextG's filing of this lawsuit, it is barred by the California litigation privilege.

---

[5] If, as NewPath asserts, NextG's suit is "objectively baseless," NewPath will prevail in this action. NewPath has other means of redress available to it at that point, such as a malicious prosecution claim, but any such claim requires a disposition of this suit in NewPath's favor. Likewise, NewPath can seek redress under 35 U.S.C. § 285.

[6] Of course, since the litigation privilege is essentially the same in Washington, the result for purposes of this motion is the same under both Washington and California law.

**2. NextG's Alleged Threats Of Litigation Are Also Privileged**

Similarly, NewPath's claim is barred under the litigation privilege to the extent it is based on the unspecified "on information and belief" allegations of threats of litigation. *Neville v. Chudacoff* , 160 Cal.App.4th 1255, 1266 (2008) ("Cases construing the scope of the litigation privilege embodied in Section 47 have reached similar results. To be privileged under section 47, a statement must be "reasonably relevant" to pending or *contemplated* litigation."); *Aronson v. Kinsella*, 58 Cal.App.4th 254, 262 (1997); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 781-782 (1996); *Rubin*, 4 Cal.App.4th at 1194. Thus, to the extent NewPath's counterclaim for intentional interference is based on alleged "on information and belief" threats of litigation, it is based on privileged acts and must be dismissed.

**C. The Negligent Interference Claim Should Be Dismissed Because It Is Based On Privileged Conduct And Because NextG Owes NewPath No Duty Of Care.**

**1. Count V Must Be Dismissed Because NextG's Actions Were Privileged**

Like its counterclaim for tortious interference with a contractual relationship, NewPath's counterclaim for negligent interference with a business expectancy (Count V) is also based on NextG's filing of this lawsuit and "on information and belief" threats of litigation. For the reasons discussed above with respect to NewPath's Count IV for intentional interference, NewPath's Count V must be dismissed because it is barred by California's litigation privilege.

**2. NewPath Has Not And Cannot Allege The Special Relationship Required To Establish A Duty Of Care**

Even if NextG's actions were not privileged, which they are, NewPath has not stated a claim for negligent interference. In California, liability for negligent interference can only be imposed where there exists a special relationship giving rise to a duty of care owed by the defendant to the plaintiff. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803 (1979). There is, however, no special relationship between competitors giving rise to a duty of care. *Stolz v. Wong Communications, Ltd. P'ship*, 25 Cal.App.4th 1811, 1825 (1994) ("The tort of *negligent* interference with economic relationship arise only when the defendant owes the plaintiff a duty of care. [citation omitted] The complaint did not allege such a duty, nor could it, since it was plain that plaintiff and defendants were competitors." (emphasis in original)).

Here, NewPath has not and cannot allege that NextG owed it a duty of care giving rise to the required "special relationship." NewPath pleads that it and NextG are competitors. *E.g.*, Counterclaim, ¶ 7 ("NewPath and Plaintiff competitors in the field of providing services related to antenna systems."). This allegation cannot be reconciled with the "special relationship" required to sustain a negligent interference claim. Based on NewPath's own allegations, there can be no special relationship giving rise to a duty of care. Thus, NewPath cannot maintain a counterclaim for negligent interference, and Count V should be dismissed.

**D. The Court Must Dismiss NewPath's Counterclaim for Unfair Competition**

NewPath's counterclaim for unfair competition (Count VI) does not specifically identify the conduct on which it is based. Rather, Count VI incorporates by reference all of the other averments of is complaint. So, it appears that Count VI is based on the same conduct as its other state law counterclaims – namely, the filing of this litigation and the alleged but unspecified "threats" of litigation. Counterclaim ¶¶161-167. The litigation privilege also applies to preclude claims for unfair competition based on protected activity. *See Rubin*, 4 Cal.4th at 1204. Like Counts IV and V, Count VI must also be dismissed, as it too is barred by California's litigation privilege. *See* Section IV.B, C *supra*.

## V. NEWPATH'S COUNTERCLAIMS SHOULD BE STRICKEN PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE

NextG separately moves to strike each of NewPath's state law counterclaims on the basis that they are precluded by California Code of Civil Procedure Section 425.16 ("Section 425.16"), commonly referred to as the anti-SLAPP statute. Section 425.16 subjects to a special motion to strike (an "anti-SLAPP motion") claims arising from acts in the furtherance of federal and state constitutional rights of petition or free speech. *Blanchard v. DirecTV, Inc*., 123 Cal.App.4th 903, 913 (2004) (*rev. den'd*). The Legislature originally enacted Section 425.16 to encourage the continued participation in matters of public significance without the chilling effect created by the abuse of the judicial process, as well as to provide a procedural remedy to dispose of lawsuits that are brought to impede the valid exercise of constitutional rights. *Macias v. Hartwell*, 55 Cal.App.4th 669, 672 (1997); *Rusheen v. Cohen*, 37 Cal.4th 1048, 1055 (2006). As required by

the terms of the statute, California courts have consistently construed Section 425.16 broadly to provide expansive protection against invalid claims. *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1119 (1996); *see also Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002) (acknowledging that courts have adopted "a fairly expansive view" of litigation-related conduct to which Section 425.16 applies).

Determining whether an anti-SLAPP motion should be granted involves a two-step process. The moving party must first make a threshold showing that the challenged cause of action is one "arising from" protected activity, such as conduct in the furtherance of one's right of petition or free speech under federal or state law. Cal. Code Civ. Proc. 425.16(b)(1); *Rusheen*, *supra*, 37 Cal.4th at 1056; *Blanchard*, *supra*, 123 Cal.App.4th at 917-18. The moving party can meet this burden by demonstrating that the conduct underlying the nonmoving party's claim fits within one of Section 425.16's four categories of enumerated activity, including the right to file a lawsuit to protect one's rights.[7] Cal. Code Civ. Proc. 425.16(b)(1); *Equilon Enterprises, L.L.C. v. Consumer Cause, Inc.*, 29 Cal.4th 53, 58 (2002). Having established this *prima facie* showing, the court may presume the purpose of the claim was to chill the exercise of First Amendment rights. *Equilon Enterprises*, 29 Cal.4th at 61.

The burden then shifts to the nonmoving party, who must then demonstrate a probability of prevailing on the claim. *Rusheen*, 37 Cal.4th at 1056. Not unlike the standard used to determine a motion for summary judgment, directed verdict, or non-suit, the nonmoving party must demonstrate that its claims are "both legally sufficient and supported by a sufficient *prima*

---

[7] The four categories of activity identified in section 425.16(c) as being the subject of the anti-SLAPP statute are:

> (1) written or oral statements or writings made before a legislative, executive, or judicial proceeding or any other official proceeding authorized by law;
>
> (2) written or oral statements or writings made in connection with an issue under consideration or review by a legislative, executive, or judicial body or any other official proceeding authorized by law;
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (4) any other conduct in furtherance of the excuse of the constitutional right of free speech in connection with a public issue or an issue of public interest.

*facie* show of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (citing *Wilson v. Parker*, *Covert & Chidester*, 28 Cal.4th 811, 821 (2002)). It is not enough for the nonmoving party to show that its claims could survive a motion to dismiss; instead it must provide the court ***with sufficient admissible evidence*** to permit the court to determine whether there is a probability that the nonmoving party will prevail on the claim. *DuPont Merck Pharm. Co. v. Superior Court*, 78 Cal.App.4th 562, 568 (2000).

**A. NewPath's State Law Claims Are Based On Conduct Protected by the Anti-SLAPP Statute.**

NewPath's counterclaims are subject to an anti-SLAPP motion because they arise from acts in the furtherance of NextG's right to petition the courts and associated communications. As described above, each of NewPath's state law claims are based on the filing of this lawsuit and alleged but unspecified "threats" of litigation. California courts have consistently held that the filing of a lawsuit is conduct in furtherance of one's right of petition subject to Section 425.16's protections. *Briggs, supra*, 19 Cal.4th 1115; *Kajima Eng'g & Constr., Inc. v. City of Los Angeles*, 95 Cal.App.4th 921, 929 (2002) ("filing a lawsuit is an exercise of the constitutional right to petition"); *Dove Audio*, 47 Cal.App.4th 777, 784; *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 18-19 ("any act in furtherance of the person's right of petition" includes communicative conduct such as filing, funding, and prosecuting a lawsuit).

It is also well-settled that communications made in connection with litigation are in furtherance of one's petitioning rights and should be afforded protection under Section 425.16. Pre-litigation communications to non-litigants constitute statements in the furtherance of one's right of petition in connection with serious contemplation of litigation. *Contemporary Services Corporation v. Staff Pro, Inc.*, 152 Cal.App.4th 1043, 1054 (2007); *Rohde v. Wolf,* 154 Cal.App.4th 28, 32 (2007); *Blanchard, supra,* 123 Cal.App.4th at 919; *Dove Audio*, 47 Cal.App.4th 777, 784-85.

In *Blanchard v. DirecTV*, for example, the California Court of Appeal granted a defendant's anti-SLAPP motion, holding that the defendant's demand letters threatening litigation to thousands of individuals it believed had stolen its satellite services were in good faith and in

serious contemplation of litigation. *Blanchard, supra,* 123 Cal.App.4th at 919. There, DirectTV sent thousands of threatening letters to individuals believed to have engaged in stealing its satellite television services. *Id.* at 909-910. The court observed that the letters explained that the use of illegal signal theft equipment violated federal law and provided individuals an opportunity to cooperate before suits were filed. *Id.* at 909. DirecTV then filed lawsuits against six hundred individuals. *Id.* at 910. Several of the letters' recipients sued DirectTV alleging unfair competition, interference with civil rights, extortion, and duress. *Id.* at 910. In response, DirecTV filed an anti-SLAPP motion arguing the letters were sent in anticipation of litigation, and as such were in furtherance of its right of petition. *Id.* at 911. In affirming the trial's court decision to grant DirecTV's motion, the appellate court reasoned the plaintiffs' lawsuit arose from protected communications:

> [P]laintiffs cannot successfully argue that their complaint does not arise from DirecTV's constitutionally protected right to petition for redress of grievances. The ***entire lawsuit is premised on DirecTV's demand letter, sent in advance of, or to avoid, litigation to vindicate its right not to have its programming pirated.*** [Emphasis added].

*Id.* at 918. As a result, the movant's claims were barred under section 425.16. *See also Dove Audio*, 47 Cal.App.4th 784-85 (letters soliciting cooperation in filing of a lawsuit privileged; affirming order granting anti-SLAPP motion, striking complaint and award of attorney fees); *Rohde v. Wolf*, 154 Cal.App.4th 28, 36 (Cal.App. 2007) (attorney voice mails threatening litigation were communications in furtherance of a right of petition and subject to Section 425.16's protections).

As explained above, NewPath's counterclaims undoubtedly arise from conduct in furtherance of NextG's right of petition. Each of NewPath's state law counterclaims are based on either the initiation of this litigation or alleged but unspecified threats of litigation. *See, e.g.,* Counterclaims, ¶¶ 146, 151, 162. This conduct is protected as part of the right to petition the courts, and so are subject to Section 425.16's protections. Thus, NextG has shown that NewPath's allegations supporting its state law counterclaims "arise from" activity section 425.16 is intended to protect.

**B. NewPath Cannot Demonstrate A Probability Of Prevailing**

Since NextG has established that Counts IV, V and VI arise out of conduct protected by the anti-SLAPP statute, NewPath must put forward "both legally sufficient and supported by a sufficient *prima facie* show of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited," *Rusheen,* 37 Cal.4th at 1056. NewPath must also "provide the court ***with sufficient admissible evidence*** to permit the court to determine whether there is a probability [NewPath] will prevail on the claim[s]." *DuPont Merck*, 78 Cal.App.4th at 568.

NewPath cannot meet its burden. NewPath's tort claims predicated on both the filing of this lawsuit and alleged threats are barred as a matter of law by the litigation privilege. In such a situation, no proof exists that will serve to withstand a motion to strike under section 425.16. *Rohde,* 154 Cal.App.4th at 38 (privileged pre-suit voice mail "provides a substantive defense" to tort claim and "[p]laintiff cannot meet her burden under the second step in applying the anti-SLAPP statue of demonstrating a probability of prevailing"); *Dove Audio*, 47 Cal.App.4th at 784-85 (where defendant's pre-suit letters are privileged, plaintiff prevail on tort claims). NewPath cannot prevail on its state law claims, and NextG's motion to strike should be granted.

Here, NewPath's allegations are particularly troubling in that they only allege threats of litigation "on information and belief". In other words, NewPath apparently has no knowledge of any such threats.[8] This is precisely the type of pleading the anti-SLAPP statute should be used against since NewPath's claims are based in part on conduct for which they apparently have no actual evidence to properly allege.

In sum, NewPath's state law counterclaims are clearly filed in violation of section 425.16. They should be dismissed in their entirety.

///

///

---

[8] NewPath's complaint points out that NextG filed this suit after NewPath allegedly won a substantial contract in competition with NextG and just prior to an annual industry meeting. Counterclaims, ¶¶91-92. Yet, NewPath does not allege that NextG made any threats during either the competitive situation to which it refers or at the industry meeting. Moreover, given that the filing of the lawsuit is protected conduct, any allegations of the impropriety of the timing of the lawsuit are of no significance.

## VI. CONCLUSION

For the reasons stated above, NextG respectfully requests that this Court grant NextG's motions to strike and dismiss.

Dated: June 9, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Jeffrey A. Miller /s/

Jeffrey A. Miller
Attorneys for Plaintiff
NEXTG NETWORKS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 9, 2008.

Dated: June 9, 2008.

Respectfully submitted,

/s/ Jeffrey A. Miller /s/
Jeffrey A. Miller

JEFFREY A. MILLER (STATE BAR NO. 160602)
jmiller@orrick.com
JASON S. ANGELL (STATE BAR NO. 221607)
jangell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 1-650-614-7400
Facsimile: 1-650-614-7401

Attorneys for Plaintiff
NextG Networks, Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NextG Networks, Inc., a Delaware Corporation,

Plaintiff,

v.

NewPath Networks, L.L.C., a New Jersey Limited Liability Corporation,

Defendant.

Case No. C 08-1565 VRW

**[PROPOSED] ORDER GRANTING NEXTG NETWORK, INC.'S MOTION TO STRIKE NEWPATH NETWORK, L.L.C.'S AFFIRMATIVE DEFENSES AND MOTION TO DISMISS NEWPATH'S COUNTERCLAIMS**

Date: August 28, 2008
Time: 2:30 p.m.
Judge: Hon. Vaughn R. Walker

Plaintiff NextG Networks, Inc.'s ("NextG") Motion to Strike, Motion to Dismiss, and Special Motion to Strike came on scheduled for hearing on Thursday, August 28, 2008 at 2:30 p.m. in Courtroom 6 before the Honorable Vaughn R. Walker. All parties were represented by their respective counsel of record. The Court having heard the arguments of all parties and having considered all documents filed in support of and in opposition to said motions, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. NextG's Motion to Strike NewPath Networks, Inc.'s ("NewPath") Affirmative Defense for Unenforceability based on Inequitable Conduct is GRANTED, pursuant to Rule 9(b) and Rule 12(f) of the Federal Rules of Civil Procedure.

2. NextG's Motion to Strike NewPath's Affirmative Defense of Patent Misuse is GRANTED, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

3. NextG's Motion to Strike NewPath's allegations of unspecified "fraudulent" conduct in Paragraphs 162 and 165 of NewPath's Affirmative Defenses and Counterclaims, is GRANTED Pursuant to Rule 9 and Rule 12(f) of the Federal Rules of Civil Procedure.

4. NextG's Motion to Dismiss NewPath's Third Counterclaim for Declaratory Judgment of Unenforceability (Count III), is GRANTED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. NextG's Motion to Dismiss NewPath's Fourth Counterclaim for Intentional Interference with a Contractual Relationship (Count IV) is GRANTED, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

6. NextG's Motion to Dismiss NewPath's Fifth Counterclaim for Negligent Interference with a Business Expectancy (Count V) is GRANTED, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7. NextG's Motion to Dismiss NewPath's Sixth Counterclaim for Unfair Competition under California Business & Professions Code Section 17200 (Count VI) is GRANTED, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8. NextG's Special Motion to Strike NewPath's Counterclaim for Intentional

Interference with a Contractual Relationship (Count IV) is GRANTED, pursuant to California Code of Civil Procedure Section 425.16.

9. NextG's Special Motion to Strike NewPath's Fifth Counterclaim for Negligent Interference with a Business Expectancy (Count V) is GRANTED, pursuant to California Code of Civil Procedure Section 425.16.

10. NextG's Special Motion to Strike NewPath's Sixth Counterclaim for Unfair Competition under California Business & Professions Code Section 17200 (Count VI) is GRANTED, pursuant to California Code of Civil Procedure Section 425.16.

IT IS HEREBY FURTHER ORDERED THAT:

11. The following be stricken from NewPath's Affirmative Defenses and Counterclaims:

a. In Paragraph 1, the words "Through its counterclaims, Counterclaimant NewPath seeks redress for Plaintiff's knowing misuse of the '256 Patent.";

b. Paragraph 75 in its entirety;

c. Paragraph 76 in its entirety;

d. Paragraph 77 in its entirety;

e. Paragraph 78 in its entirety;

f. The words "inequitable conduct" in Paragraph 119 b.;

g. Paragraph 129 in its entirety;

h. The word "fraudulent" in Paragraph 162;

i. The word "fraudulent" in Paragraph 165;

j. NewPath's Counterclaim for Intentional Interference with a Contractual Relationship (Count IV);

k. NewPath's Counterclaim for Negligent Interference with a Business Expectancy (Count V); and

l. NewPath's Counterclaim for Unfair Competition Under California Business & Professions Code Section 17200 (Count VI).

12. NewPath's Third Counterclaim for Declaratory Judgment of Unenforceability

(Count III), Fourth Counterclaim for Intentional Interference with a Contractual Relationship (Count IV), Fifth Counterclaim for Negligent Interference with a Business Expectancy (Count V), and Sixth Counterclaim for Unfair Competition under California Business & Professions Code Section 17200 (Count VI) be DISMISSED WITH PREJUDICED.

13. NextG is awarded its attorneys' fees incurred in bringing its anti-SLAPP motion.

IT IS SO ORDERED.

DATE: ______________________________

Hon. Vaughn R. Walker