JEFFREY A. MILLER (SBN 160602)
jmiller@orrick.com
JASON S. ANGELL (SBB 221607)
jangell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    +1-650-614-7400
Facsimile:    +1-650-614-7401

Attorneys for Plaintiff
NEXTG NETWORKS, INC.

OMID A. MANTASHI (SBN 208226)
omid@california.com
LAW OFFICES OF OMID A. MANTASHI
360 Grand Avenue, Ste. 90
Oakland, CA 94610
Telephone:  (510) 593-9442
Facsimile:  (510) 868-8310

TIMOTHY L. BOLLER (*pro hac vice*)
timb@seedip.com
WILLIAM O. FERRON, JR. (*pro hac vice*)
billf@seedip.com
SEED IP LAW GROUP PLLC
701 5th Avenue, Ste. 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031

Attorneys for Defendant
NEWPATH NETWORKS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS, INC., A Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NEWPATH NETWORKS, LLC, A New Jersey Limited Liability Corporation, <br><br> Defendant. | Case No. C 08 1565 VRW <br><br> **JOINT RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date:        June 26, 2008 <br> Time:       3:30 p.m. <br> Courtroom: 6 <br> Judge:       Hon. Vaughn R. Walker |

     The parties to the above-entitled action jointly submit this Joint Report of Rule 26(f) Meeting and Joint Case Management Statement.

**RULE 26(F) REPORT**

**1.    Nature And Basis Of Claims And Defenses.**

     <u>NextG's Position</u>: In this patent infringement case, plaintiff NextG Networks, Inc. ("NextG") accuses defendant NewPath Networks LLC ("NewPath") of infringing, either directly or indirectly, one or more claims of U.S. Patent No. 5,682,256 ("the '256 patent"). The claims of the '256 patent are directed to a type of communications network that is sometimes referred to in the wireless industry as a "Distributed Antenna System" network or "DAS" network. Generally speaking, DAS networks aggregate base station equipment from wireless service providers (e.g., AT&T , Verizon) at a central location, often referred to as a hub or base station hotel. RF signals from the base station are converted to an optical signal, and distributed on a fiber optic network to remote locations, where the optical signals are converted back to RF signals and broadcast through antennas. NextG alleges that NewPath infringes one or more claims of the '256 patent by making, using, offering to sell and selling such Distributed Antenna System networks.

     <u>NewPath's Position</u>: The claims of the '256 Patent are directed to systems configured to selectively interconnect a plurality of independent RF signals to a plurality of fixed radio ports through an optical network by modulating the plurality of RF signals onto optical signals. NewPath does not make, use, offer to sell or sell any such systems. Further, systems that send the same signal to all antennas on an optical network (like NewPath's systems) were expressly disclaimed during prosecution of the '256 patent. NextG uses the same equipment, and thus NextG knew before filing this lawsuit that NewPath does not and cannot infringe the '256 patent. Instead, NextG filed this objectively baseless lawsuit to obtain an unfair business advantage over a direct competitor. Accordingly, NewPath seeks declaratory judgment of non-infringement, invalidity and unenforceability, and asserts claims of tortuous interference with a contractual relationship in violation of Washington law, negligent interference with a business relationship under California law, and unfair business competition in violation of California law.

**2. Possibility For Promptly Settling or Resolving the Case.**

Pursuant to ADR Local Rules 3-5 and 16-8, counsel have met and conferred regarding ADR options offered by the Northern District of California and have filed the required certifications. Counsel stipulated to mediation by a Magistrate Judge in September or October of 2008, after the exchange of infringement and invalidity contentions. NewPath believes the Parties should engage in private mediation if mediation by a Magistrate Judge is unsuccessful or cannot be scheduled in September of October of 2008.

**3. Disclosure required by Rule 26(a)(1).**

Rule 26(a)(1) disclosures will be made on June 19, 2008, as required by the Court's March 21, 2008 Order Setting Initial Case management Conference And ADR Deadlines.

**4. Document preservation issues.**

The Parties have been advised to take steps to preserve all evidence relevant to the issues reasonably evident in this action, and to interdict any document destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**5. Proposed Discovery Plan.**

**a. Changes to the timing, form or requirement for disclosures under Rule 26(a)(1).**

No changes to be made. Disclosures will be exchanged by email on June 19, 2008.

**b. Subjects on which discovery may be needed, date for completion of discovery, and whether discovery should be phased or limited or focused on particular issues.**

<u>NextG's Position</u>: Discovery will be needed on at least the following topics:

1. The structure, function and operation of NewPath's communication networks;

2. NewPath's sales and offers for sale of communications networks and services to be provided on communication networks operated by NewPath;

3. Whether NewPath's infringement of the '256 patent is or was willful and in wanton disregard of NextG's rights;

//

EXHIBIT C
C 08 1565 VRW

    4.      NewPath's costs, pricing, margins, marketing, revenues and profits from such sales and services;

    5.      NewPath's defenses of invalidity, noninfringement and unenforceability (if the unenforceability defense survives NextG's motion to strike);

    6.      NewPath's counterclaims for tortious interference with alleged contractual relationships, negligent interference with a business expectancy and unfair competition, and any associated damages or other requirements, if such counterclaims survive NextG's motion to dismiss.

NextG believes that discovery should be phased to accommodate different dates for the close of fact and expert discovery. *See also* Joint Case Management Statement at item 17, below.

<u>NewPath's Position</u>:  Discovery will be needed on at least the following topics:

    1.      NextG's knowledge that there was no infringement and failure to conduct an appropriate pre-filing investigation of its objectively baseless infringement claims;

    2.      The structure, function and operation of NextG's communications systems;

    3.      NextG's marketing and promotional activities;

    4.      NextG's costs, pricing, margins, marketing, revenues and profits from such sales and services;

    5.      The invalidity of the claims of the '256 patent;

    6.      The unenforceability of the '256 patent;

    7.      NewPath's counterclaims for tortious interference with contractual relationships, negligent interference with a business expectancy and unfair competition, and NewPath's associated damages.

NewPath believes discovery should be phased and bifurcated, with damages discovery occurring after the Court issues a claim construction ruling and NewPath has an opportunity to seek summary judgment of non-infringement and unenforceability.   Both parties have indicated an intention to seek summary judgment regarding infringement.  Further NextG has already served overly-broad discovery requests directed to all of NewPath's business plans and

requesting detailed technical information without regard to whether a product or system is even accused of infringement.

**c.    Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree to produce paper documents in single page 300 DPI, Group IV format. The parties agree to produce electronically stored information in pdf or TIFF format. Because the majority of metadata is unusable and of little value and the time required to review the metadata makes its production cost-prohibitive, the parties will not produce metadata absent a showing of the need for and relevance of such data with regard to specific documents. Images will be placed on CD/DVDs and transmitted to counsel. Each image will be assigned a production number and an image cross-reference file in .TXT format indicating the begin/end document boundaries will be provided as part of each production. The cross-reference file allows the parties to load the images into a popular litigation support applications and identify document boundaries. Should a party produce single page TIFF files, image link files shall be produced.

**d.    Issues about claims of privilege or of protection of trial preparation materials.**

The parties agree that any privileged information inadvertently produced as part of production of electronically stored information shall not be deemed a waiver of the attorney-client privilege, attorney work product protection, or any other recognized privilege or protection.

**e.    Changes to discovery limitations imposed by the Rules, Local Rules, or other discovery limitations.**

The parties believe that expert depositions should be excluded from the limits imposed by Rule 30. Other than this change, NextG does not currently contemplate a need to modify any other applicable discovery limitations or to impose other limitations on discovery, but reserves its right to seek discovery beyond the limits imposed by the Rules should facts emerge that reveal the necessity for such discovery. NewPath believes discovery should be bifurcated,

1   with damages discovery occurring after the Court issues a claim construction ruling, and
2   NewPath has an opportunity to seek summary judgment of non-infringement and
3   unenforceability.
4         **f.**     **Any other orders the Court should issue under Rule 26(c) or 16(b) or (c).**
5   The parties will submit a proposed form of protective order modified from the
6   Protective Order authorized by the Northern District of California and referenced in Patent L.R.
7   2-2.

## JOINT CASE MANAGEMENT STATEMENT

9   Pursuant to the Standing Order For All Judges Of The Northern District of California,
10  the Parties respectfully submit this Joint Case Management Statement.
11      **1.**    **Jurisdiction and Service.** *The basis for the court's subject matter jurisdiction*
12  *over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal*
13  *jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be*
14  *served, a proposed deadline for service.*
15  This Court has jurisdiction over NextG's claim under 28 U.S.C. §§ 1331 and 1338.
16  This Court has jurisdiction over NewPath's counterclaims under 28 U.S.C. §§ 1331, 1338 and
17  2201.  There are no issues regarding personal jurisdiction or venue and no other parties need to
18  be served.
19      **2.**    **Facts:** *A brief chronology of the facts and a statement of the principal factual*
20  *issues in dispute.*
21  NextG's Position:  The '256 patent was duly and legally issued in the names of Andrew
22  James Motley and Anthony Gerard Chadney and assigned to British Telecommunications PLC.
23  After subsequent assignments, all right, title and interest in and to the '256 patent was assigned to
24  NextG on or about February 22, 2005.  At a time currently unknown to NextG, NewPath began
25  making, using, offering to sell or selling communication networks, in violation of NextG's rights
26  in the '256 patent.  NewPath's infringing activity is ongoing and, NextG believes, is willful and in
27  wanton disregard of NextG's rights in the '256 patent.  The principal factual issues in dispute
28  include the facts surrounding the structure, function and operation of NewPath's communication

1  networks, NewPath's making, using, offering to sell and selling of its communication networks
2  and any services NewPath provides for use of its communication networks.  Other factual issues
3  include whether NewPath's infringement of the '256 patent is willful, and in wanton disregard of
4  NextG's rights.
5    <u>NewPath's Position</u>:  The claims of the '256 patent, particularly if interpreted broadly
6  enough to cover any of NewPath's systems, are invalid.  The claims of the '256 patent are directed
7  to systems configured to modulate a plurality of independent RF signals onto optical signals and
8  selectively connect the plurality of RF-modulated optical signals to a plurality of fixed radio ports.
9  NewPath does not make, use, offer to sell or sell any such systems.  None of NewPath's systems
10 selectively connect any input with any output.  Instead, all of NewPath's systems provide the same
11 output signal (or signals) to all repeater antennas coupled to an optical network.  Further, most of
12 NewPath's systems are digital (and thus do not modulate even a single RF signal onto an optical
13 signal) and all but one have only a single RF signal input (and thus do not have the required
14 plurality of independent RF signals).  NewPath and NextG use the same equipment from the same
15 suppliers, and thus NextG has known all along that NewPath does not and cannot infringe the '256
16 patent.  Nevertheless, NextG filed a bare-bones Complaint in the present action making vague
17 allegations of infringement without any objective basis therefore.  The Complaint was filed just
18 after NextG lost a bid proposal to NewPath, and immediate before a major industry conference.
19 The principal factual issues in this case are the extent to which NextG conducted any pre-filing
20 investigation for its objectively baseless infringement claims, and the amount of damages NextG
21 should pay to NewPath on its counterclaims.
22   **3.**  **<u>Legal Issues:</u>** *A brief statement, without extended legal argument, of the disputed*
23 *points of law, including reference to specific statutes and decisions.*
24   <u>NextG's Position</u>:  The legal issues in this case include the interpretation of the asserted
25 claims in the '256 patent, whether NewPath infringes the '256 patent in violation of 35 U.S.C.
26 section 271, the extent of damages to which NextG is entitled as a result of NewPath's
27 infringement, including any enhanced damages, under 35 U.S.C. section 285.  Other sections of
28 the Patent Act may be at issue, depending on the defenses NewPath pursues, including 35

- 7 -

EXHIBIT C
C 08 1565 VRW

1  U.S.C. section 102 and 103.

2  <u>NewPath's Position</u>:  The legal issues in this case include the interpretation of the
3  asserted claims in the '265 patent; whether digital systems and systems which provide the same
4  signal to all antennas coupled to an optical network were disclaimed during prosecution;
5  whether the '256 patent is invalid or unenforceable; whether the '256 patent is infringed;
6  whether NextG had any objectively reasonable basis for bringing its claims of infringement
7  against NewPath; whether NextG is liable for tortuous interference with a contractual
8  relationship in violation of Washington law, for negligent interference with a business
9  relationship under California law and for unfair business competition in violation of California
10 law; the extent of NewPath's actual damages on its counterclaims and the extent to which
11 NewPath is entitled to enhanced damages, attorney's fees and other relief.

12 **4.**    **<u>Motions</u>:** *All prior and pending motions, their current status, and any anticipated*
13 *motions.*

14 On June 9, 2008, NextG filed a combined motion to strike defendant's inequitable
15 conduct affirmative defense, and motion to dismiss some, but not all, of NewPath's
16 counterclaims.  NextG's motion also included an anti-SLAAP motion to strike some, but not
17 all, of NewPath's counterclaims pursuant to Cal. Code Civ. Proc. § 425.16.  NextG noticed the
18 motion for hearing on August 28, 2008.

19 <u>NextG's position</u>:  NextG contemplates filing a motion for summary judgment on
20 infringement of asserted claims of the '256 patent after the Court has construed the terms of the
21 asserted claims, either under a theory of literal infringement or infringement under the doctrine of
22 equivalents.  Depending on the facts revealed during discovery and NewPath's contemplated
23 arguments that the '256 patent is invalid and unenforceable, NextG may also move for summary
24 judgment on the validity and enforceability of the '256 patent.

25 <u>NewPath's position</u>:  NewPath contemplates filing a motion for summary judgment of
26 non-infringement and unenforceability, and a motion for summary judgment of liability on its
27 counterclaims.  NewPath intends to seek attorney's fees and other relief based on NextG's
28 Motion to Dismiss.  NextG has not answered any of NewPath's counterclaims, including

1  NewPath's claims for Declaratory Judgment of Non-Infringement and Invalidity, which NextG
2  did not move to dismiss. NewPath may move for an Order directing NextG to file an Answer.

3     **5.**     **Amendment of Pleadings:** *The extent to which parties, claims, or defenses are*
4  *expected to be added or dismissed and a proposed deadline for amending the pleadings.*

5     <u>NextG's position</u>: NextG does not currently contemplate adding parties, claims or
6  defenses beyond those asserted in NextG's reply to NewPath's counterclaims. NextG proposes
7  a deadline of August 1, 2008 for any amendment to the pleadings.

8     <u>NewPath's position</u>: NewPath does not currently contemplate adding parties, claims or
9  defenses beyond those asserted. NewPath believes the infringement and invalidity disclosures due
10 under the Local Patent Rules, which will not be completed until late August of 2008, as well as
11 further discovery, may identify additional required or permissive parties, or additional claims and
12 defenses. NewPath proposes a deadline of November 1, 2008 for amendment to the pleadings.

13     **6.**     **Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues*
14 *reasonably evident in this action, including interdiction of any document-destruction program and*
15 *any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

16     *See* Rule 26(f) Report at item 4.

17     **7.**     **Disclosures:** *Whether there has been full and timely compliance with the initial*
18 *disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

19     *See* Rule 26(f) Report at item 3.

20     **8.**     **Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any*
21 *proposed limitations or modifications of the discovery rules, and a proposed discovery plan*
22 *pursuant to Fed. R. Civ. P. 26(f).* *See* Rule 26(f) Report at item 5.

23     **9.**     **Class Actions:** *If a class action, a proposal for how and when the class will be*
24 *certified.* Not applicable.

25     **10.**     **Related Cases:** *Any related cases or proceedings pending before another judge*
26 *of this court, or before another court or administrative body.* No related cases are pending.

27     **11.**     **Relief:** *All relief sought through complaint or counterclaim, including the amount*
28 *of any damages sought and a description of the bases on which damages are calculated. In*

*addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

NextG seeks to enjoin NewPath from infringing and inducing others to infringe the '256 patent. NextG also seeks damages based on NewPath's infringement of the '256 patent, and pre- and post-judgment interest and costs, and of trebling same for NewPath's willful, wanton and deliberate infringement, all under 35 U.S.C. § 284. NextG further seeks attorney fees pursuant to 35 U.S.C. § 285.

NewPath seeks dismissal of Plaintiff's Complaint with prejudice; declarations of non-infringement, unenforceability and invalidity; an order restraining Plaintiff from (i) claiming that NewPath's systems and services infringe the '256 patent, (ii) interfering or threatening to interfere with the installation or use of antenna systems by NewPath and its allied parties, suppliers, distributors, customers, licensees, successors or assigns, (iii) instituting or prosecuting any proceeding placing in issue the right of NewPath and its allied parties, suppliers, distributors, customers, licensees, successors or assigns to install, use, or sell antenna systems and related services; damages sustained as a result of Plaintiff's tortuous and negligent interference and unfair competition and an accounting for all gains, profits, and advantages derived by Plaintiff that are attributable to Plaintiff's unlawful acts; enhancement of such damages as permitted by law; attorneys' fees and costs; prejudgment and post judgment interest; and such other and further relief as the Court deems appropriate.

**12.** **Settlement and ADR**: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have complied with the ADR Local Rules and have filed the necessary certifications and stipulation to ADR process.

**13.** **Consent to Magistrate Judge For All Purposes:** *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14.   Other References:** *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:** *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties believe that they lack sufficient information at this early stage to identify issues that can be narrowed by agreement or by motion, but expect that there may be occasion to do so following discovery and resolution of, for example, the claim construction issues. NextG believes that it may be appropriate to bifurcate for trial, if they survive summary judgment, NewPath's unenforceability defense and §17200 claim, as these are equitable issues to which NewPath is not entitled to a jury.

**16.   Expedited Schedule:** *Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.*

Recognizing the inherent limits imposed on the pretrial schedule by the Patent Local Rules, NextG believes that this case is otherwise suitable for rapid procedure to trial following the claim construction hearing. Among other things, the single patent at issue in this case is set to expire in November 2009, and NextG believes the case should be tried no later than early summer 2009.

NewPath believes damages discovery should commence after the Court has issued a claim construction ruling and NewPath has an opportunity to seek summary judgment of non-infringement and unenforceability. NewPath suggests a trial in late 2009 or 2010. NewPath believes NextG's proposed schedule is unrealistic in view of the limits imposed on the pretrial schedule by the Patent Local Rules.

**17.   Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

1    The Parties have attached a Proposed Schedule Pursuant to the Patent Local Rules as
2 Exhibit A.
3    NextG's Proposed Pretrial Schedule is attached hereto as Exhibit B.
4    NewPath's Proposed Pretrial Schedule is attached hereto as Exhibit C.
5    **18.**    **Trial:** *Whether the case will be tried to a jury or to the court and the expected*
6 *length of the trial.*
7    NextG has demanded a jury trial for its infringement claim, and expects trial of this claim
8 to require at least 7 days. NewPath has demanded a jury trial on all issues so triable and expects
9 the trial to require seven to ten days, assuming no major claims or defenses are disposed of by
10 motion or agreement.
11    **19.**    **Disclosure of Non-party Interested Entities or Persons:** *Whether each party has*
12 *filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In*
13 *addition, each party must restate in the case management statement the contents of its certification*
14 *by identifying any persons, firms, partnerships, corporations (including parent corporations) or*
15 *other entities known by the party to have either: (i) a financial interest in the subject matter in*
16 *controversy or in a party to the proceeding; or (ii) any other kind of interest that could be*
17 *substantially affected by the outcome of the proceeding.*
18    NextG responds as follows:  NextG's Certification of Interested Entities or Persons reports
19 no interests other than the parties named in this action. NextG will amend its Certification to state
20 that certain shareholders of NextG may have a financial interest in NextG as that term is used in
21 Civil L.R. 3-16(b)(2) and 28 U.S.C. section 455(d) and to identify NextG's officers and directors.
22 NextG's officers are John B. Georges, David Cutrer, Randall Bambrough, Robert Delsman, Esq,
23 Larry Doherty, Bo Piekarski, Todd Schultz, and Hab Siam. NextG's directors are Scott Chou,
24 David Cutrer, John B. Georges, Scot B. Jarvis, Josh Revitz, and David B. Walrod.
25    NewPath responds as follows:  As described in NewPath's Certificate of Interested Entities
26 or Persons, the following entities may have an interest that could be substantially affected by the
27 outcome of the proceeding:
28

1.   Defendant NewPath Networks, LLC and its directors and officers. The officers of Defendant NewPath Networks, LLC are: Michael J. Kavanagh; Shawn Cooprider; Brian Broucek and James McLernon. The directors of Defendant NewPath Networks are Michael J. Kavanagh; Shawn Cooprider, William J. Marraccini, George E. O'Brien, and Gordon G. Cohen.

2.   Non-party Andrew Corporation;

3.   Non-party ADC Telecommunications Sales, Inc; and

4.   Non-party Powerwave Technologies, Inc

**20.   Other matters to facilitate the just, speedy and inexpensive disposition of this matter.**

NewPath expects the claim construction hearing to last approximately one and a half days, and believes the Court should hear live testimony from expert witnesses, which will help to educate the Court on the technology at issue.

Dated: June 19, 2008

JEFFREY A. MILLER
JASON S. ANGELL
Orrick, Herrington & Sutcliffe LLP


/s/ Jason S. Angell /s/
JEFFREY A. MILLER
Attorneys for Plaintiff
NEXTG NETWORKS, INC.

Dated: June 20, 2008

OMID A. MANTASHI
LAW OFFICES OF OMID A. MANTASHI

TIMOTHY L. BOLLER (*pro hac vice*)
WILLIAM O. FERRON, JR. (*pro hac vice*)
SEED IP LAW GROUP PLLC


/s/ Timothy L. Boller /s/
Timothy L. Boller
Attorneys for Defendant
NEWPATH NETWORKS, LLC

# ATTESTATION

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of this e-filed document has been obtained from NewPath's counsel, Mr. Boller.

Dated: June 20, 2008                                  Respectfully submitted,

                                                      /s/ Jason S. Angell /s/
                                                      Jason S. Angell

# **Exhibit A**

## **[Proposed] Schedule Pursuant to Patent Local Rules**

| Event | Date |
|---|---|
| NextG's Disclosure of Asserted Claims and Preliminary Infringement (Patent L.R. 3-1) | **July 11, 2008** |
| NewPath Preliminary Invalidity Contentions (Patent L.R. 3-3) | **August 25, 2008** |
| NextG and NewPath Exchange Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | **September 8, 2008** |
| NextG and NewPath Exchange of Preliminary Claim Construction and Extrinsic Evidence (Patent L.R. 4-2) | **September 29, 2008** |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | **October 24, 2008** |
| Close of Claim Construction Discovery (Patent L.R. 4-4) | **November 24, 2008** |
| NextG's Opening Claim Construction Brief (Patent L.R. 4-5(a): | **December 9, 2008** |
| NewPath Responsive Brief to NextG's Opening Claim Construction Brief (Patent L.R. 4-5(b) | **December 23, 2008** |
| NextG's Reply to NewPath Responsive Brief (Patent L.R. 4-5(c)) | **January 5, 2009** |
| Claim Construction Hearing (Patent L.R. 4-6) | **January 19, 2009** |

**Exhibit B**

**NextG's [Proposed] Pretrial Schedule**

| Event | Date |
|---|---|
| Close of fact discovery | **January 30, 2009** |
| Disclosure of expert testimony (Rule 26(a)(2)) | **February 20, 2009** |
| Disclosure of rebuttal expert testimony | **March 13, 2009** |
| Close of expert discovery | **March 27, 2009** |
| Last day to file dispositive motions | **April 16, 2009** |
| Hearing on dispositive motions | **May 21, 2009** |
| Pretrial conference | **June 11, 2009** |
| Trial begins | **June 29, 2009** |

**Exhibit C**

**NewPath's [Proposed] Pretrial Schedule**

| Event | Date |
|---|---|
| Close of fact discovery on liability | **January 30, 2009** |
| Disclosure of expert testimony on liability (Rule 26(a)(2)) | **March 2, 2009** |
| Disclosure of rebuttal expert testimony on liability | **April 1, 2009** |
| Close of expert discovery on liability | **May 1, 2009** |
| Last day to file dispositive motions on liability | **May 14, 2009** |
| Hearing on dispositive motions | **June 19, 2009** |
| Opening of damages discovery | **June 30, 2009** |
| Close of damages discovery | **August 31, 2009** |
| Disclosure of expert witness testimony on damages (Rule 26(a)(2) | **September 15, 2009** |
| Disclosure of rebuttal expert testimony on damages | **October 15, 2009** |
| Close of expert discovery on damages | **November 15, 2009** |
| Last day to file dispositive motions on damages | **December 17, 2009** |
| Hearing on dispositive motions on damages | **January 21, 2010** |
| Pretrial conference | **February 11, 2010** |
| Trial begins | **March 15, 2010** |

- C -

EXHIBIT C
C 08 1565 VRW