1  Omid A. Mantashi (SBN 208226)
   **Law Offices of Omid A. Mantashi**
2  360 Grand Avenue, Ste. 90
   Oakland, California 94610
3  Telephone: (510) 593-9442
   Facsimile: (510) 868-8310
4  omid@california.com

5
   Timothy L. Boller (*pro hac vice*)
6  William O. Ferron, Jr. (*pro hac vice*)
   **SEED IP LAW GROUP PLLC**
7  701 5TH Avenue, Suite 5400
   Seattle, WA 98104
8  Telephone: 206.622.4900
   Facsimile: 206.682.6031
9
   Email: TimB@seedip.com
10         BillF@seedip.com

11 Attorneys for Defendant
   NewPath Networks, LLC
12

13                IN THE UNITED STATES DISTRICT COURT
14            FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                     SAN FRANCISCO DIVISION
16

17
   NextG Networks, Inc., a Delaware corporation,        No. C 08-1565 VRW
18
              Plaintiff,
19                                                       **DECLARATION OF JAMES**
        v.                                               **McLERNON REGARDING PLAINTIFF**
20                                                       **NEXTG NETWORKS, INC.'S PATENT**
   NewPath Networks, LLC, a New Jersey limited          **MISUSE**
21 liability corporation,
              Defendant.                                 Date: September 11, 2008
22                                                       Time: 2:30 p.m.
                                                         Judge: Honorable Vaughn R. Walker
23

24      I, James McLernon, hereby declare and state as follows:

25      1.      I am Director of Engineering and Operations for Defendant and Counterclaimant

26 NewPath Networks LLC ("NewPath"). I make this declaration in support of NewPath's Opposition

27 to NextG Networks, Inc.'s ("NextG") motion to strike and to dismiss certain defenses and

28 counterclaims. The following facts are true of my own knowledge unless otherwise stated.

2.    I have more than twenty years experience in the telecommunications and wireless industry.

3.    I am responsible for the design, implementation and operation of NewPath's antenna systems.

4.    NewPath and NextG are competitors in the field of providing services related to antenna systems.

5.    NextG has to have known for several years that NewPath is a competitor of Plaintiff. For example, NextG and NewPath attend the same trade shows and advertise in the same publications, and have competed for the same contracts.

6.    As a competitor to NewPath, NextG would be familiar with the equipment NewPath uses in its antenna systems.

7.    The equipment at most of NewPath's sites is readily visible to the public, and NextG frequently has it own equipment positioned nearby.

8.    Approximately half of NewPath's antenna systems are digital, and digitize the radio frequency signal before transmitting it on an optical network, and thus do not transmit even a single radio frequency ("RF") signal, as defined by the patent-in-suit, on an optical network.

9.    None of NewPath's systems are configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

10.    All of NewPath's antenna systems provide the same signal to all repeater antennas coupled to an optical network.

11.    None of NewPath's antenna systems had or has a matrix switch.

12.    NewPath obtains the optical signal equipment used in its antenna systems from only three equipment suppliers: ADC Telecommunications Sales, Inc ("ADC"), Andrew Corporation ("Andrew"), and Powerwave Technologies, Inc. ("Powerwave").

13.    NewPath obtains off-the-shelf equipment from ADC that is installed in approximately half of its antenna systems ("the ADC Equipment").

14.    NextG uses the same ADC Equipment in some of its antenna systems, and has used this ADC Equipment for several years.

DECLARATION OF JAMES MCLERNON                                      CASE NO. C 08-1565 VRW

15.     To use the ADC Equipment in its antenna systems, NextG would necessarily need to be aware of the characteristics of that equipment.

16.     The ADC Equipment is configured to digitize signals before transmitting them on an optical network, and therefore is not configured to transmit radio frequency ("RF") signals on an optical network.

17.     NewPath's ADC Equipment cannot be configured to transmit RF signals on an optical network without substantial modification.

18.     NewPath had not modified its ADC equipment to transmit RF signals on an optical network.

19.     There is no motivation for NewPath to modify the ADC equipment to transmit RF signals on an optical network.

20.     NewPath's ADC Equipment is not configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

21.     NewPath's ADC Equipment cannot be configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network without substantial modification.

22.     The ADC Equipment used by NewPath does not have a matrix switch.

23.     There is no motivation for NewPath to modify the ADC Equipment to incorporate a matrix switch.

24.     The ADC Equipment used by NewPath did not and does not infringe any claim of the patent-in-suit at least because the ADC Equipment is digital.

25.     Tthe ADC Equipment used by NewPath did not and does not infringe any claim of the patent-in-suit at least because the ADC Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

26.     The ADC Equipment used by NewPath did not and does not infringe any claim of the patent-in-suit at least because the ADC Equipment does not have a matrix switch.

27.     NewPath obtains off-the-shelf equipment from Andrew that is installed in some of its antenna systems ("the Andrew Equipment"), and has used this Andrew Equipment for several years.

DECLARATION OF JAMES MCLERNON                                        CASE NO. C 08-1565 VRW

28.    NextG uses the same Andrew Equipment in most of its antenna systems, and has used this Andrew Equipment for several years.

29.    To use the Andrew Equipment in its antenna systems, NextG would necessarily need to be aware of the characteristics of that equipment.

30.    NewPath's Andrew Equipment is not configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

31.    NewPath's Andrew Equipment cannot be configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network without substantial modification.

32.    The Andrew Equipment used by NewPath had not been modified to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

33.    There is no motivation for NewPath to modify the Andrew Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

34.    NewPath would have had no motivation to modify the Andrew Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

35.    The Andrew Equipment used by NewPath does not have a matrix switch.

36.    There is no motivation for NewPath to modify the Andrew Equipment to incorporate a matrix switch.

37.    The Andrew Equipment used by NewPath did not and does not infringe any claim of the patent-in-suit at least because the Andrew Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

38.    The Andrew Equipment used by NewPath did not and does not infringe any claim of the '256 Patent at least because the Andrew Equipment does not have a matrix switch.

39.    NewPath obtains off-the-shelf equipment from Powerwave that is installed in some of its antenna systems ("the Powerwave Equipment").

40.    NextG uses the same Powerwave Equipment in some of its antenna systems.

41.    To use the Powerwave Equipment in its antenna systems, NextG would necessarily need to be aware of the characteristics of that equipment.

42.    NewPath's Powerwave Equipment is not configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

43.    NewPath's Powerwave Equipment cannot be configured to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network without substantial modification.

44.    The Powerwave Equipment used by NewPath had not been modified to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

45.    There is no motivation for NewPath to modify the Powerwave Equipment to selectively interconnect a plurality of received RF signals with a plurality of radio ports via an optical network.

46.    The Powerwave Equipment used by NewPath does not have a matrix switch.

47.    There is no motivation for NewPath to modify the Powerwave Equipment to incorporate a matrix switch.

48.    The Powerwave Equipment used by NewPath did not and does not infringe any claim of the patent-in-suit at least because the Powerwave Equipment does not selectively interconnect a plurality of independent RF signals with a plurality of fixed radio ports via an optical network.

49.    The Powerwave Equipment used by NewPath did not and does not infringe any claim of the patent-in-suit at least because the Powerwave Equipment does not have a matrix switch.

50.    All of NewPath's outdoor antenna systems receive a single RF signal for a single cell.

51.    Only one of NewPath's systems receives more than one RF signal, and in that system all of the antennas transmit all of the RF signals; there is no selective interconnecting.

DECLARATION OF JAMES MCLERNON

CASE NO. C 08-1565 VRW

1    I declare under penalty of perjury under the laws of the United States of America that the

2    above is true and correct.

3    DATED this 7th day of August, 2008, at Seattle, Washington.

James McLernon

1

**CERTIFICATE OF SERVICE**

2

3      I hereby certify that on this 7th day of August, 2008, a true and correct copy of the foregoing

**DECLARATION OF JAMES McLERNON EGARDING PLAINTIFF NEXTG NETWORKS,**

4

**INC.'S PATENT MISUSE** was served on Plaintiff's counsel by electronic filing upon the

5

following attorneys registered to receive service by email through the Northern District of California

6

Electronic Case Filing System:

7

8                      Jeffrey Andrew Miller
                       jmiller@orrick.com
9                      Jason Sheffield Angell
                       jangell@orrick.com
10                     Orrick Herrington & Sutcliffe LLP
                       1000 Marsh Road
11                     Menlo Park, CA 94025

12                     Attorneys for NextG Networks, Inc.

13

14

15   1214751_1.DOC                      Timothy L. Boller

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAMES McLERNON                          CASE NO. C 08-1565 VRW