

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

August 13, 2008

Jason S. Angell
(650) 614-7638
jangell@orrick.com

**BY HAND DELIVERY**

Honorable Vaughn R. Walker
United States District Court
Northern District of California
c/o Clerk's Office, 16th Floor
450 Golden Gate
San Francisco, California 94102

Re:   <u>NextG Networks, Inc. v. NewPath Networks, LLC</u>, Case No. 08-01565-VRW

Dear Judge Walker:

We represent NextG Networks, Inc. ("NextG") in the above captioned matter. We write pursuant to your Standing Order 1.5 to alert the Court to a discovery dispute that has arisen between NextG and defendant NewPath Networks, LLC ("NewPath"). We have corresponded with NewPath regarding the issues described below, but NewPath has not responded to our requests on July 22, 2008 and August 7, 2008 for a meet and confer. NextG proposes that a phone conference with the Court may be sufficient to remedy the issues described below. If the Court believes a more detailed motion to compel would be helpful, NextG proposes that the Court set an expedited briefing schedule and that the motion be heard no later than the hearing currently set for September 11.

**NewPath Refuses to Respond to NextG's Discovery Requests.**

As set forth in the parties' Joint Rule 26(f) Report and Case Management Statement, NextG and NewPath agreed to a manner of production for both electronic and paper documents. Doc. No. 22 at 5. Consistent with the parties' agreement, NextG produced documents in connection with its Rule 26(a) disclosures and continues to produce other documents as they are reviewed and processed for production. NewPath referred to documents in its Rule 26(a) disclosures, but did not produce any of the referenced documents.

NextG served its first set of requests for production of documents on June 5, 2008. NextG's document requests sought a variety of information relevant to its patent infringement claims against NewPath and defenses and counterclaims raised in NewPath's Answer and Counterclaims, and specifically requested the documents referred to in NewPath's Rule 26(a) disclosures. In its July 7 responses, NewPath asserted a variety of objections and, in some cases, agreed to produce documents. However, to date, NewPath has not produced a single page of responsive information.

In response to other requests, NewPath invoked objections that are precluded by the Patent Local Rules and, on that basis, refused to produce any responsive documents. For example, in response to a number of requests, NewPath asserted that it would not produce responsive documents because they constituted "confidential and/or proprietary information" and because the requests are allegedly "premature." NextG pointed out that Patent Local Rule 2-2 states that "[d]iscovery may not be

OHS West:260492297.1



**ORRICK**

Judge Vaughn R. Walker
August 13, 2008
Page 2

withheld on the basis of confidentiality absent Court order," that Patent Local Rule 2-5 identifies only four categories of information that may be withheld on the basis that the requested information is "premature," and that much of the requested information did not fall within these categories.

Indeed, some of the information to which NewPath appears to contend the confidentiality objection applies is not, so far as NextG can tell, confidential in any way, such as documents sufficient to identify the members of NewPath's board of directors. In any case, in subsequent correspondence between counsel, NewPath appeared to retreat from the "confidentiality" and "prematurity" objections and again agreed to produce documents "at a mutually agreeable place and time." Once more, however, NewPath did not produce any of the requested information.

NewPath has suggested that it has no obligations to produce any information before NextG has served its preliminary infringement contentions under Patent Local Rule 3-1. However, Patent Local Rule 3-1 does not require NextG's infringement contentions to be served prior to September 21, 2008. In an effort to compromise and motivate NewPath to cooperate in discovery, NextG offered to discuss a schedule by which NextG's infringement contentions would be served earlier than the date required by Rule 3-1. However, NewPath did not respond to NextG's offer for a discussion, and has continued to refuse to produce any documents in response to NextG's requests.

Another basis NewPath has invoked for its refusal to produce documents is its request for bifurcation of the infringement and damages portions of this case. However, NextG submits that much of the information NewPath is refusing to produce on this basis has nothing to do with whether infringement and damages are bifurcated. In any event, NextG does not believe that NewPath's apparent interest in bifurcating infringement and damages provides a legitimate basis on which NewPath may withhold information responsive to proper discovery requests. NewPath's ongoing refusal to produce information is inconsistent with its obligations under the Federal Rules, this Court's Local Rules and the parties' agreement memorialized in the Joint Rule 26(f) report.

Beyond NewPath's refusal to comply with its discovery obligations, there may be additional issues raised by the extent of NewPath's responses to NextG's discovery requests. However, at this time, NextG only seeks the Court's intervention to compel NewPath to produce information to which it has no relevance or other objections not foreclosed by the Local Rules. NextG has been collecting and producing documents to NewPath on a rolling basis, and seeks only to have NewPath produce documents in a reciprocal fashion.

NextG is available at the Court's convenience to discuss the matters raised above. NextG is also prepared to file a motion in short order if that is the Court's preference.

Respectfully submitted,

Jason S. Angell

cc: Tim Boller, Esq. (*via electronic mail and U.S. Mail*)

OHS West:260492297.1