JEFFREY A. MILLER (SBN 160602)
jmiller@orrick.com
JASON S. ANGELL (SBB 221607)
jangell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

Attorneys for Plaintiff
NEXTG NETWORKS, INC.

OMID A. MANTASHI (SBN 208226)
omid@california.com
LAW OFFICES OF OMID A. MANTASHI
360 Grand Avenue, Ste. 90
Oakland, CA 94610
Telephone:  (510) 593-9442
Facsimile:  (510) 868-8310

TIMOTHY L. BOLLER (*pro hac vice*)
timb@seedip.com
WILLIAM O. FERRON, JR. (*pro hac vice*)
billf@seedip.com
SEED IP LAW GROUP PLLC
701 5th Avenue, Ste. 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile:  206-682-6031

Attorneys for Defendant
NEWPATH NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPATH NETWORKS, LLC, a New Jersey limited liability corporation,<br><br>Defendant. | Case No.  C 08 1565 VRW<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and/or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive confidential information or items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.4   "Confidential" Information or Items:  confidential or proprietary information that, while not necessarily meeting the criteria for "Highly Confidential – Attorneys' Eyes Only," a party in good faith believes would result in harm should such information be generally known or otherwise disclosed or accessible to nonparties.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   Designating Party:  a Party or non-party that designates information or

1   items that it produces in disclosures or in responses to discovery as "Highly Confidential —
2   Attorneys' Eyes Only" or "Confidential."

3       2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is
4   designated as "Highly Confidential — Attorneys' Eyes Only" or "Confidential."

5       2.9.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are
6   retained to represent or advise a Party in this action.

7       2.10.    <u>House Counsel</u>: attorneys who are employees of a Party.

8       2.11.    <u>Counsel</u> (without qualifier):  Outside Counsel or House Counsel (as well as
9   their support staffs).

10      2.12.    <u>Expert</u>: a person with specialized knowledge or experience in a matter
11  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert
12  witness or as a consultant in this action and who is not a current employee of a Party or of a
13  Party's competitor and who, at the time of retention, is not anticipated to become an employee of
14  a Party or a Party's competitor. This definition includes a professional jury or trial consultant
15  retained in connection with this litigation.

16      2.13.    <u>Professional Vendors</u>: persons or entities that provide litigation support
17  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
18  organizing, storing, retrieving data in any form or medium; etc.) and their employees and
19  subcontractors.

20      3.    <u>SCOPE</u>

21  The protections conferred by this Stipulation and Order cover not only Protected
22  Material (as defined above), but also any information copied or extracted therefrom, as well as all
23  copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or
24  presentations by parties or counsel to or in court or in other settings that might reveal Protected
25  Material.

26      4.    <u>DURATION</u>

27  Even after the termination of this litigation, the confidentiality obligations imposed
28  by this Stipulated Protective Order shall remain in effect until a Designating Party agrees

- 3 -

otherwise in writing or a court order otherwise directs, with the temporal exception described in Section 7.4 of this Stipulated Protective Order regarding Patent Prosecution Counsel.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 5.2 Manner and Timing of Designations.
Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents,

or portions thereof, qualify for protection under this Stipulated Protective Order. Before producing the specified documents, the Producing Party must affix the appropriate legend ("HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL") on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that a Party or non-party identifies on the record at the time the testimony is given, the portions that are protected material. A party shall have up to 20 days after the close of a deposition or other pretrial or trial proceedings within which to designate in writing those portions of any such testimony that constitute protected material. All deposition testimony given or other pretrial or trial proceeding shall be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until 20 days after the close of such testimony. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Highly

1  Confidential – Attorneys' Eyes Only" or "Confidential" after the material was initially produced,
2  the Receiving Party, on timely notification of the designation, must make reasonable efforts to
3  assure that the material is treated in accordance with the provisions of this Stipulated Protective
4  Order.  The receiving party, however, is not responsible for harm, if any, caused by dissemination
5  of the material before it was designated as protected material.  The designating party shall bear
6  the responsibility for replacing a copy of the discovery material with an appropriately designated
7  copy.

8        6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9        6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
10  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
11  economic burdens, or a later significant disruption or delay of the litigation, a Party does not
12  waive its right to challenge a confidentiality designation by electing not to mount a challenge
13  promptly after the original designation is disclosed.

14        6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating
15  Party's confidentiality designation must do so in good faith and must begin the process by
16  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
17  with outside Counsel for the Designating Party.  In conferring, the challenging Party must explain
18  the basis for its belief that the confidentiality designation was not proper and must give the
19  Designating Party an opportunity to review the designated material, to reconsider the
20  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
21  designation. A challenging Party may proceed to the next stage of the challenge process only if it
22  has engaged in this meet and confer process first.

23        6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a
24  confidentiality designation after considering the justification offered by the Designating Party
25  may file and serve a motion under Civil Local Rule 7-1—7-8 (and in compliance with Civil Local
26  Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis
27  for the challenge. Each such motion must be accompanied by a competent declaration that affirms
28  that the movant has complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

1       (d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (e)     the author of the document or the original source of the information, provided that the Producing Party be given notice of such disclosure. The Producing Party shall have seven (7) days in which to object to such disclosure. Should a Producing Party object to such disclosure, the dispute resolution procedures of Paragraph 7.5(c) shall be followed; and

       (f)     non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with this Stipulated Protective Order. In addition, selected items of material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or summaries, analyses or abstracts thereof) may be shown to persons selected to serve as members of focus groups, mock juries or similar studies provided that such persons are screened to ensure that they are not employed by or affiliated with competitors of either of the parties hereto, and provided that such persons agree in writing (although not necessarily in the form of Exhibit A) to keep confidential any information disclosed to them during such studies.

       7.3     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" information only to:

       (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (b)     no more than two House Counsel or company officers supervising the litigation and no more than two in-house technical experts for each party and any stenographic, clerical or paralegal employees working with such in-house attorney, company officer or expert whose function in this litigation requires access to material designated as "Confidential" Information;

       (c)     non-attorney employees of each party whose assistance is needed

1 by counsel for the purposes of this litigation or who are involved in the management, prosecution,
2 defense or settlement of this litigation or the supervision or oversight of outside counsel;

3     (d) Experts (as defined in this Order) (1) to whom disclosure is
4 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by
5 Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5,
6 below, have been followed;

7     (e) the Court and its personnel;

8     (f) court reporters, their staffs, and professional vendors to whom
9 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
10 Bound by Protective Order" (Exhibit A);

11     (g) the author of the document or the original source of the
12 information, provided that the Producing Party be given notice of such disclosure. The Producing
13 Party shall have seven (7) days in which to object to such disclosure. Should a Producing Party
14 object to such disclosure, the dispute resolution procedures of Paragraph 7.5(c) shall be followed.;

15     (h) non-technical jury or trial consulting services retained by counsel
16 for a party, subject to and conditioned upon compliance with this Stipulated Protective Order. In
17 addition, selected items of material designated as "CONFIDENTIAL" (or summaries, analyses or
18 abstracts thereof) may be shown to persons selected to serve as members of focus groups, mock
19 juries or similar studies provided that such persons are screened to ensure that they are not
20 employed by or affiliated with competitors of either of the parties hereto, and provided that such
21 persons agree in writing (although not necessarily in the form of Exhibit A) to keep confidential
22 any information disclosed to them during such studies.

23    7.4. <u>Patent Prosecution Counsel</u>. Every law firm and/or person who receives
24 materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
25 "CONFIDENTIAL" by the other party is prohibited from engaging in "Patent Prosecution" for a
26 party to this action for a period of two years following termination of this litigation. As used
27 herein, "Patent Prosecution" refers to preparing or prosecuting, or supervising the preparation or
28 prosecution of, or otherwise participating in the preparation or prosecution of any utility patent

1  application with the United States Patent and Trademark Office or any similar proceeding with
2  any foreign patent office.

3        7.5      <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Information or Items to "Experts"</u>

5        (a)      Unless otherwise ordered by the court or agreed in writing by the
6  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Stipulated
7  Protective Order but excluding jury consultants) any information or item that has been designated
8  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" first must
9  make a written request to the Designating Party that (1) sets forth the full name of the Expert and
10  the city and state of his or her primary residence, (2) attaches a copy of the Expert's current
11  resume or C.V., (3) identifies the Expert's current employer(s), (4) identifies each person or entity
12  from whom the Expert has received compensation for work in his or her areas of expertise or to
13  whom the expert has provided professional services at any time during the preceding five years,
14  and (5) identifies (by name and number of the case, filing date, and location of court) any
15  litigation in connection with which the Expert has provided any professional services during the
16  preceding five years; (6) lists of all papers authored by the Expert during the preceding five years;
17  and (7) lists of all patents and patent applications for which the Expert has been named as an
18  inventor, provided that the patent applications for which the Expert has been named as an
19  inventor have been published.

20        (b)      After seven days following disclosure, a Party that made a written
21  disclosure by providing the information specified in the preceding paragraph may disclose the
22  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material
23  to the identified Expert <u>unless</u>, within seven days of delivering the written disclosure, the Party
24  receives a written objection from the Designating Party. Any such objection must set forth in
25  detail the grounds on which it is based. Failure to object in writing to the proposed disclosure
26  shall not preclude a party from objecting to continued access to material designated as "HIGHLY
27  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" by that expert where
28  such facts subsequently learned by the party or its counsel suggest that a reasonable basis for

objecting exists and upon a showing of prejudice by the Party objecting to said disclosure.

(c) When a timely written objection is made, the Parties must meet and confer promptly to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7-1—7-8 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) Expert Discovery: Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that (1) the consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case, or (2) the consulting expert possesses factual information related to an issue in the present litigation. Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and protective order.

8. DISCLOSURE OF PROTECTED MATERIAL TO WITNESSES PRIOR TO TRIAL

It is the present intention of the parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial proceedings in this action. In the event this litigation proceeds to trial, the parties shall meet and confer on the procedures necessary to protect the confidentiality of any documents, information and transcripts used in Court during trial so that the parties may jointly propose to the Court an appropriate manner in which to protect any confidential information to be used at trial.

### 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue, and, if requested by the designating party, must file appropriate objections to preserve the confidentiality of the materials subject to the subpoena.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued and/or in this Court. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.     FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy it, at the Receiving Party's option. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

13.     MISCELLANEOUS

13.1     Right to Further Relief. Nothing in this Stipulated Protective Order

abridges the right of any person to seek its modification by the Court in the future.

        13.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 15, 2008

JEFFREY A. MILLER
JASON S. ANGELL
Orrick, Herrington & Sutcliffe LLP

/s/ Jason S. Angell /s/
JEFFREY A. MILLER
Attorneys for Plaintiff
NEXTG NETWORKS, INC.

Dated: August 15, 2008

OMID A. MANTASHI
LAW OFFICES OF OMID A. MANTASHI

TIMOTHY L. BOLLER (*pro hac vice*)
WILLIAM O. FERRON, JR. (*pro hac vice*)
SEED IP LAW GROUP PLLC

/s/ Timothy L. Boller /s/
Timothy L. Boller
Attorneys for Defendant
NEWPATH NETWORKS, LLC

# ATTESTATION

**Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of perjury that concurrence in the filing of this e-filed document has been obtained from NewPath's counsel, Mr. Boller.

Dated: August 15, 2008              Respectfully submitted,

                                            /s/ Jason S. Angell /s/
                                                 Jason S. Angell

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____              _____
                                                Hon. Vaughn R. Walker
                                                United States District Judge

**REQUIRED BY THE GENERAL ORDER**

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NextG Networks, Inc., a Delaware corporation,<br><br>           Plaintiff,<br><br>   v.<br><br>NewPath Networks, LLC,<br>a New Jersey limited liability corporation,<br><br>           Defendant. | Case No.  C 08 1565 VRW<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of NextG Networks, Inc. v. NewPath Networks, LLC, Case No. C 08 1565 VRW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                        [signature]

OHS West:260493763.1