JEFFREY A. MILLER (STATE BAR NO. 160602)
jmiller@orrick.com
JASON S. ANGELL (STATE BAR NO. 221607)
jangell@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

Attorneys for Plaintiff
NextG Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NextG Networks, Inc., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> NewPath Networks, LLC, a New Jersey limited liability corporation, <br><br> Defendant. | Case No.  C-08-01565-VRW <br><br> **PLAINTIFF NEXTG NETWORKS, INC.'S OPPOSITION TO NEWPATH NETWORKS, LLC'S ALTERNATIVE MOTION FOR A CONTINUANCE** <br><br> Date:       September 11, 2008 <br> Time:       2:30 p.m. <br> Judge:      Hon. Vaughn R. Walker |

1    NewPath Networks, LLC's ("NewPath") alternative motion for "an Order
2  continuing" NextG Networks, Inc.'s ("NextG") anti-SLAPP motion to strike NewPath's state law
3  counterclaims for intentional interference with a contractual relationship (Count IV, under
4  Washington law), negligent interference with a business expectancy (Count V) and section 17200
5  unfair competition claim (Count VI) should be denied because it is erroneously predicated on the
6  notion that NewPath is entitled to discovery to try to refute NextG's challenge to the sufficiency
7  of NewPath's pleadings.  Obviously, neither of the two cases upon which NewPath relies stands
8  for the proposition that a continuance is appropriate to allow discovery in order to respond to an
9  anti-SLAPP motion that attacks claims at the pleading stage.  For these and the reasons that
10 follow, NewPath's motion should be denied.

**I.   NEXTG'S MOTION UNDER RULE 12 CAN BE ADDRESSED WITHOUT CONSIDERING NEWPATH'S MOTION FOR A CONTINUANCE.**

13   Notwithstanding NextG's anti-SLAPP motion, this Court may dismiss NewPath's
14 state law counterclaims pursuant to Rule 12(b)(6) without considering NewPath's request for a
15 continuance.  A Rule 12(b)(6) motion tests the legal sufficiency of a party's claims – not its
16 evidence.  For purposes of a motion to dismiss under Rule 12, the challenged claims are
17 construed in a light most favorable to the non-moving party and all properly pleaded factual
18 allegations are taken as true.  *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Everest &*
19 *Jennings, Inc. v. Am. Motorist Ins. Co.,* 23 F.3d 226, 228 (9th Cir. 1994).

20   As established in NextG's motion to dismiss, NewPath's state law counterclaims
21 are barred by California's litigation privilege.  Doc # 18 at pp. 12-16.  Although both the motion
22 to dismiss under Rule 12 and the motion to strike under California's anti-SLAPP statute are based
23 on California's litigation privilege, NewPath contends only that NextG's anti-SLAPP motion
24 should be deferred pending further discovery.  If the Court determines that NextG's motion to
25 dismiss under Rule 12 should be granted, NewPath's motion for a continuance is moot.

## II. A CONTINUANCE IS NOT APPROPRIATE BECAUSE DISCOVERY IS NOT NECESSARY TO EVALUATE NEWPATH'S COUNTERCLAIMS.

No discovery is necessary to evaluate whether NewPath has pleaded counterclaims sufficient to survive NextG's anti-SLAPP motion under California Code of Civil Procedure section 425.16, as NewPath's counterclaims for intentional interference, negligent interference, and unfair competition fail as a matter of law. A similar argument about the need for discovery was considered and rejected in *Global Telemedia Int'l, Inc. v. Doe 1*, 132 F.Supp. 2d 1261, 1271 (C.D.Cal. 2001).

In *Global Telemedia*, plaintiff-company sued defendants for, among other things, trade libel and libel *per se* (defamation) for allegedly posting disparaging statements about the company on an internet message board. *Id.* at 1264. The defendants filed anti-SLAPP motions, arguing that the allegedly libelous statements were not actionable because the statements were valid exercises of free speech made about a public company "in connection with a public issue." *Id.* at 1265-66. The court agreed. *Id.* at 1266. Having found that the defendants had made a *prima facie* showing that the claims were based on conduct protected under California's anti-SLAPP statute, the court further found that the plaintiff could not prove a likelihood of success because the challenged statements were obviously statements made by posters to a public message board that could not be considered the false factual statements necessary to sustain claims of trade libel and defamation. *Id.* at 1266-70.

Like here, "Plaintiffs argue that if the Court is inclined to grant Defendants' motions, it should stay the decision to allow Plaintiffs limited discovery" regarding certain factual matters allegedly germane to the company's claims. *Id.* at 1271. *Global Telemedia* acknowledged that in some cases, a party opposing an anti-SLAPP motion might be entitled to some additional discovery. *Id.* However, the court denied the company's request for additional discovery because evidence was not required to evaluate the legal sufficiency of the plaintiffs' claims in the context of the anti-SLAPP motions:

> Having made the legal determination that the statements must be factual to be actionable, and having found that the postings are

> opinions rather than actionable facts, the Court does not require further evidence to evaluate Plaintiffs' claims. Nor do Plaintiffs suggest that further facts are necessary to evaluate whether the postings are indeed fact or opinion. Similarly, Plaintiffs do not suggests any facts which may be relevant to determining the damage caused by the postings. Since both issues are dispositive of Plaintiffs' claims, no further discovery is necessary.

*Id.*

*Global Telemedia* requires that NewPath's motion for a continuance be denied. As explained in NextG's motion to dismiss and anti-SLAPP motion (presently before the Court), the California litigation privilege bars NewPath's counterclaims because they arise from protected statements and conduct; specifically, NextG's filing of an allegedly "objectively baseless" lawsuit. Doc. # 18 at pp. 12-16. *See also Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1249 (2007); *Oren Royal Oaks Venture v. Greenberg, Bernard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1164-65 (1986); *Microsoft v. BEC Computer Co., Inc.* 818 F.Supp. 1313, 1319 (C.D. Cal. 1992); *Neville v. Chudacoff,* 160 Cal.App. 4th 1255, 1266 (2008); *Aronson v. Kinesella,* 58 Cal.App. 4th 254, 262 (1997). Moreover, there is no "sham litigation" exception to California's litigation privilege that renders NewPath's counterclaims beyond the reach of the privilege. Doc. # 32 at pp. 1-3; *see also MGA Entm't, Inc. v. Mattel, Inc.*, 2005 U.S. Dist. LEXIS 18594, *31-*41 (C.D. Cal. 2005) (discussing *Noerr-Pennington* doctrine, for which there is a sham litigation exception, and the California litigation privilege, for which there is no sham litigation exception).

Thus, even assuming the truth of NewPath's allegations, further discovery is irrelevant to the disposition of NextG's anti-SLAPP motion. NewPath's counterclaims, as in *Global Telemedia*, are barred as a matter of law and NewPath's motion for a continuance should be denied. The cases on which NewPath relies in support of its motion do not counsel otherwise and, in any event, are not cases in which additional discovery was permitted to respond to challenges to pleadings under California's litigation privilege. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) (claimant allowed limited additional discovery to respond to summary judgment motion based, in part, on the anti-SLAPP statute); *Catch Curve, Inc., v.*

*Venali, Inc.*, 519 F. Supp. 2d 1028, (C.D. Cal. 2007) (did not address the need for additional discovery in response to an anti-SLAPP motion to strike based on California's litigation privilege). *See also MGA Entm't, Inc.*, 2005 U.S. Dist. LEXIS at *35-*37 (striking allegations that "essentially assert[] that the Brewer lawsuit was meritless and that Mattel instituted the suit simply to harass Brewer and intimidate others who might consider leaving Mattel for MGA" because "[t]he initiation of such a lawsuit and the statements made therein are clearly protected by the litigation privilege.").

## III. CONCLUSION

For the reasons stated above, NextG respectfully requests that the Court deny NewPath's motion for a continuance.

Dated: August 21, 2008

JEFFREY A. MILLER
JASON S. ANGELL
JACOB M. HEATH
Orrick, Herrington & Sutcliffe LLP

/s/
JEFFREY A. MILLER
Attorneys for Plaintiff
NextG Networks, Inc.