Omid A. Mantashi (SBN 208226)
**Law Offices of Omid A. Mantashi**
360 Grand Avenue, Ste. 90
Oakland, California 94610
Telephone: (510) 593-9442
Facsimile: (510) 868-8310
omid@california.com


Timothy L. Boller (*pro hac vice*)
William O. Ferron, Jr. (*pro hac vice*)
**SEED IP LAW GROUP PLLC**
701 5TH Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206.622.4900
Facsimile: 206.682.6031

Email: TimB@seedip.com
       BillF@seedip.com

Attorneys for Defendant
NewPath Networks, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NextG Networks, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NewPath Networks, LLC, a New Jersey limited liability corporation,<br>Defendant. | No. C 08-1565 VRW<br><br>**DEFENDANT NEWPATH NETWORKS, LLC'S REPLY IN SUPPORT OF RULE 56(F) MOTION FOR CONTINUANCE**<br><br>Date: September 11, 2008<br>Time: 2:30 p.m.<br>Judge: Honorable Vaughn R. Walker |

Defendant NewPath Networks, LLC ("NewPath") timely filed an alternative Motion to Continue Plaintiff NextG's Motion to Strike and Motion to Dismiss until such time as NextG provides the discovery contemplated by the Patent Local Rules, such as the basis for its infringement contentions, including the specific accused products and the claims allegedly infringed. NextG has opposed the motion on two apparent grounds, neither of which justifies denial of NewPath's alternative request for continuance.

NextG first contends, with respect to its motion to dismiss the state law claims under Rule 12(b)(6), there is no need for discovery because NewPath has failed to state a claim under which relief can be granted, even assuming NewPath's factual allegations are true. NextG's argument here is based on the incorrect statement that there is an absolute litigation privilege under Washington and California law. The privilege is not absolute, as explained in NewPath's opposition to NextG's motion to dismiss, and claims may be brought based on objectively baseless, or sham, litigation. See NewPath's Opposition, Document No. 25, at IV, pp. 10-11 and VI(B) and (C), pp. 14-16. The sham litigation exception to the petition privilege is well recognized. *See, e.g., Bill Johnson's Rests, Inc. v. NLRB*, 461 U.S. 731, 743 (1983); *Dominant Semiconductors SDN. BHD. V. Osram GMBH*, 524 F.3d 1254, 1260, 1263 (Fed. Cir. 2008); *Sosa v. DirectTV, Inc.*, 437 F.3d 923, 932 (9th Cir. 2006) ("neither the petition clause nor the *Noerr-Pennington* doctrine protect sham litigation, and statutes need not be construed to permit them.") Moreover, NewPath's counterclaims are not based solely on NextG's objectively baseless infringement allegations, but are also based on false statements made by NextG to potential customers of NewPath. Such statements are not protected. *See Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999). Accordingly, NewPath's state law claims are supported by sufficient factual allegations. To the extent the Court believes NewPath's allegations are insufficient, NewPath requests leave to amend, which is to be freely granted. *See Sarei v. Rio Tinto, PLC*, 487 F.3d 1193, 1223 (9th Cir. 2007). Thus, NextG's first argument, that NextG has an absolute privilege to file objectively baseless patent infringement lawsuits (and to say whatever it wants to about NewPath to the parties' customers), does not justify denial of NewPath's request for discovery.

NextG's second argument appears to be that when a motion to dismiss under California's Anti-Slap statute is filed, a responding party in federal court is not entitled to any discovery. NextG mischaracterizes *Global Telemedia Int'l, Inc. v. Doe 1*, 132 F. Supp. 2d 1261 (C.D. Cal. 2001) to support NextG's incorrect proposition, and also mischaracterizes *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001), which was decided after *Global Telemedia*. To the extent there is any conflict between the two cases, *Metabolife* controls.

*Metabolife* held the discovery limiting provisions of California's Anti-Slap statute must yield to Rule 56 of the Federal Rules of Civil Procedure. *Metabolife*, 264 F.3d at 846. NextG falsely implies *Metabolife* was decided at the summary judgment stage, and implies substantial discovery had occurred prior to the dismissal. This is not an accurate characterization of *Metabolife*. The district court had severely limited discovery and the case was dismissed by the district court early in the proceedings based on a motion to strike the claims, not based on a motion for summary judgment. *See Metabolife*, 264 F.3d at 837-38 (also describing the lack of discovery in the case). The Ninth Circuit held the case created a conflict under Rule 56(f) because the plaintiff identified particular discovery that was under the custody and control of the defendants that was necessary to respond to the motion. *Metabolife*, 264 F.3d at 846-47 (adopting the reasoning of *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C. D. Cal. 1999)). Here, NewPath has identified particular discovery that is under the control of NextG - namely the discovery contemplated pursuant to the Patent Local Rules, which is clearly relevant to NewPath's claims that NextG's lawsuit was objectively baseless. Under *Metabolife*, NewPath is entitled to such discovery.

Further, *Global Telemedia* did not hold a plaintiff is not entitled to any discovery when faced with a motion to dismiss under California's Anti-Slap statute. Rather, *Global Telemedia* applied *Rogers*, but held that the discovery sought was not relevant to the issues in the case. *Global Telemedia* involved allegedly false statements, and the Court had determined the statements at issue were statements of opinion, not statements of fact. Thus, the discovery sought, which pertained to the basis for the opinion expressed, was not relevant to the questions raised by the motion. *Global Telemedia*, 132 F. Supp. 2d at 1271. Here, the discovery sought is relevant to the issues in this case. Indeed, NewPath seeks the very discovery it is entitled to under the Patent Local Rules.

1  Accordingly, in the event the Court does not deny NextG's Motion to strike outright, the
2  Court should grant NewPath's alternative Motion for a continuance.

Respectfully submitted,

SEED IP Law Group PLLC

_____
Timothy L. Boller, WSBA # 29079
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Telephone: (206) 622-4900

Omid A. Mantashi (SBN 208226)
Law Offices of Omid A. Mantashi
360 Grand Avenue, Ste. 90
Oakland, California 94610
Telephone: (510) 593-9442

Attorneys for Defendant
NEWPATH NETWORKS, LLC

1226141_1.DOC

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2008, a true and correct copy of the foregoing **DEFENDANT NEWPATH NETWORKS, LLC'S REPLY IN SUPPORT OF RULE 56(F) MOTION FOR CONTINUANCE** was served on Plaintiff's counsel by electronic filing upon the following attorneys registered to receive service by email through the Northern District of California Electronic Case Filing System:

Jeffrey Andrew Miller
jmiller@orrick.com
Jason Sheffield Angell
jangell@orrick.com
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Attorneys for NextG Networks, Inc.

_____
Jared Barrett

1226141_1.DOC