JEFFREY A. MILLER (SBN 160602)
jmiller@orrick.com
JASON S. ANGELL (SBB 221607)
jangell@orrick.com
JACOB M. HEATH
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      +1-650-614-7400
Facsimile:      +1-650-614-7401

Attorneys for Plaintiff
NEXTG NETWORKS, INC.

OMID A. MANTASHI (SBN 208226)
omid@california.com
LAW OFFICES OF OMID A. MANTASHI
360 Grand Avenue, Ste. 90
Oakland, CA 94610
Telephone:  (510) 593-9442
Facsimile:  (510) 868-8310

TIMOTHY L. BOLLER (*pro hac vice*)
timb@seedip.com
WILLIAM O. FERRON, JR. (*pro hac vice*)
billf@seedip.com
SEED IP LAW GROUP PLLC
701 5th Avenue, Ste. 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031

Attorneys for Defendant
NEWPATH NETWORKS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS, INC.,<br>A Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPATH NETWORKS, LLC,<br>A New Jersey Limited Liability<br>Corporation,<br><br>Defendant. | Case No.  C 08 1565 VRW<br><br>**JOINT RULE 26(F) REPORT AND<br>JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date:          September 11, 2008<br>Time:          2:30 p.m.<br>Courtroom:  6<br>Judge:        Hon. Vaughn R. Walker |

1    The parties to the above-entitled action jointly submit this Joint Report of Rule 26(f)

2    Meeting and Joint Case Management Statement.

3                                    **RULE 26(F) REPORT**

4    **1.    Nature And Basis Of Claims And Defenses.**

5    Plaintiff's Position: In this patent infringement case, plaintiff NextG Networks, Inc.

6    ("NextG") accuses defendant NewPath Networks LLC ("NewPath") of infringing, either directly

7    or indirectly, one or more claims of U.S. Patent No. 5,682,256 ("the '256 patent"). The claims of

8    the '256 patent are directed to a type of communications network that is sometimes referred to in

9    the wireless industry as a "Distributed Antenna System" network or "DAS" network. Generally

10   speaking, DAS networks aggregate base station equipment from wireless service providers (e.g.,

11   AT&T , Verizon) at a central location, often referred to as a hub or base station hotel. RF signals

12   from the base station are converted to an optical signal, and distributed on a fiber optic network to

13   remote locations, where the optical signals are converted back to RF signals and broadcast through

14   antennas. NextG alleges that NewPath infringes one or more claims of the '256 patent by making,

15   using, offering to sell and selling such Distributed Antenna System networks.

16   Defendant's Position: The claims of the '256 Patent are directed to systems configured

17   to selectively interconnect a plurality of independent RF signals to a plurality of fixed radio

18   ports through an optical network by modulating the plurality of RF signals onto optical signals.

19   NewPath does not make, use, offer to sell or sell any such systems. Further, systems that send

20   the same signal to all antennas on an optical network (like NewPath's systems) were expressly

21   disclaimed during prosecution of the '256 patent. NextG uses the same equipment, and thus

22   NextG knew before filing this lawsuit that NewPath does not and cannot infringe the '256

23   patent. Instead, NextG filed this objectively baseless lawsuit to obtain an unfair business

24   advantage over a direct competitor. Accordingly, NewPath seeks declaratory judgment of non-

25   infringement, invalidity and unenforceability, and asserts claims of tortuous interference with a

26   contractual relationship in violation of Washington law, negligent interference with a business

27   relationship under California law, and unfair business competition in violation of California

28   law.

1    **2.    Possibility For Promptly Settling or Resolving the Case.**

2        Pursuant to ADR Local Rules 3-5 and 16-8, counsel have met and conferred regarding

3    ADR options offered by the Northern District of California and have filed the required

4    certifications.    Counsel stipulated to mediation by a Magistrate Judge in September or October

5    of 2008, after the exchange of infringement and invalidity contentions.  In view of the fact that

6    the exchanges have been delayed, NextG proposes that the mediation be scheduled for

7    November or December 2008.  NewPath proposes that the mediation be scheduled for January

8    or February of 2009.  NewPath believes the Parties should engage in private mediation if

9    mediation by a Magistrate Judge is unsuccessful or cannot be scheduled in January or February

10   of 2009.

11   **3.    Disclosure required by Rule 26(a)(1).**

12       Rule 26(a)(1) disclosures were made on June 19, 2008, as required by the Court's

13   March 21, 2008 Order Setting Initial Case management Conference And ADR Deadlines.

14   **4.    Document preservation issues.**

15       The Parties have been advised to take steps to preserve all evidence relevant to the

16   issues reasonably evident in this action, and to interdict any document destruction program and

17   any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

18   **5.    Proposed Discovery Plan.**

19       **a.    Changes to the timing, form or requirement for disclosures under Rule**

20   **26(a)(1)**.

21       No changes to be made.  Disclosures were exchanged by email on June 19, 2008.

22       **b.    Subjects on which discovery may be needed, date for completion of**

23   **discovery, and whether discovery should be phased or limited or focused on particular**

24   **issues.**

25       NextG's Position:  Discovery will be needed on at least the following topics:

26       1.    The structure, function and operation of NewPath's communication networks;

27       2.    NewPath's sales and offers for sale of communications networks and services to

28   be provided on communication networks operated by NewPath;

3. Whether NewPath's infringement of the '256 patent is or was willful and in wanton disregard of NextG's rights;

4. NewPath's costs, pricing, margins, marketing, revenues and profits from such sales and services;

5. NewPath's defenses of invalidity, noninfringement and unenforceability (if the unenforceability defense survives NextG's motion to strike);

6. NewPath's counterclaims for tortious interference with alleged contractual relationships, negligent interference with a business expectancy and unfair competition, and any associated damages or other requirements, if such counterclaims survive NextG's motion to dismiss.

NextG believes that discovery should be phased to accommodate different dates for the close of fact and expert discovery. *See also* Joint Case Management Statement at item 17, below.

NewPath's Position:  Discovery will be needed on at least the following topics:

1. NextG's knowledge that there was no infringement and failure to conduct an appropriate pre-filing investigation of its objectively baseless infringement claims;

2. The structure, function and operation of NextG's communications systems;

3. NextG's marketing and promotional activities;

4. NextG's costs, pricing, margins, marketing, revenues and profits from such sales and services;

5. The invalidity of the claims of the '256 patent;

6. The unenforceability of the '256 patent;

7. NewPath's counterclaims for tortious interference with contractual relationships, negligent interference with a business expectancy and unfair competition, and NewPath's associated damages.

NewPath believes discovery should be phased and bifurcated, with damages discovery occurring after the Court issues a claim construction ruling and NewPath has an opportunity to seek summary judgment of non-infringement and unenforceability.   Both parties have

1    indicated an intention to seek summary judgment regarding infringement.  Further NextG has

2    already served overly-broad discovery requests directed to all of NewPath's business plans and

3    requesting detailed technical information without regard to whether a product or system is even

4    accused of infringement.

5         **c.    Issues about disclosure or discovery of electronically stored information,**

6    **including the form or forms in which it should be produced.**

7         The parties agree to produce paper documents in single page 300 DPI, Group IV format.

8    The parties agree to produce electronically stored information in pdf or TIFF format.  Because

9    the majority of metadata is unusable and of little value and the time required to review the

10   metadata makes its production cost-prohibitive, the parties will not produce metadata absent a

11   showing of the need for and relevance of such data with regard to specific documents.  Images

12   will be placed on CD/DVDs and transmitted to counsel.  Each image will be assigned a

13   production number and an image cross-reference file in .TXT format indicating the begin/end

14   document boundaries will be provided as part of each production.  The cross-reference file

15   allows the parties to load the images into a popular litigation support applications and identify

16   document boundaries.  Should a party produce single page TIFF files, image link files shall be

17   produced.

18        **d.    Issues about claims of privilege or of protection of trial preparation**

19   **materials.**

20        The parties agree that any privileged information inadvertently produced as part of

21   production of electronically stored information shall not be deemed a waiver of the attorney-

22   client privilege, attorney work product protection, or any other recognized privilege or

23   protection.

24        **e.    Changes to discovery limitations imposed by the Rules, Local Rules, or**

25   **other discovery limitations.**

26        The parties believe that expert depositions should be excluded from the limits imposed

27   by Rule 30.  NextG notes that NewPath recently served 239 requests for admission pursuant to

28   Rule 36.  In NextG's view, many of the requests for admission seek information that is not

1    properly the subject of requests for admission and are duplicative of other requests for

2    admission.  In NextG's view, these discovery requests were unnecessary, unwarranted and

3    abusive.  Accordingly, NextG requests an order limiting requests for admission to a total of 300

4    per party, except for requests for admission directed to the authentication of documents.  Other

5    than these changes, NextG does not currently contemplate a need to modify any other

6    applicable discovery limitations or to impose other limitations on discovery, but reserves its

7    right to seek discovery beyond the limits imposed by the Rules should facts emerge that reveal

8    the necessity for such discovery.

9         NewPath believes discovery should be bifurcated, with damages discovery occurring

10    after the Court issues a claim construction ruling, and NewPath has an opportunity to seek

11    summary judgment of non-infringement and unenforceability.

12         **f.        Any other orders the Court should issue under Rule 26(c) or 16(b) or (c).**

13         The parties submitted a proposed form of protective order modified from the Protective

14    Order authorized by the Northern District of California and referenced in Patent L.R. 2-2.  The

15    parties hereby submit proposed schedules pursuant to Rule 16(b), Local Rule 16-9 and Rule

16    26(c).

17                        **JOINT CASE MANAGEMENT STATEMENT**

18         Pursuant to the Standing Order For All Judges Of The Northern District of California,

19    the Parties respectfully submit this Joint Case Management Statement.

20         **1.        <u>Jurisdiction and Service.</u>**  *The basis for the court's subject matter jurisdiction*

21    *over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal*

22    *jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be*

23    *served, a proposed deadline for service.*

24         This Court has jurisdiction over NextG's claim under 28 U.S.C. §§ 1331 and 1338.

25    This Court has jurisdiction over NewPath's counterclaims under 28 U.S.C. §§ 1331, 1338 and

26    2201.  There are no issues regarding personal jurisdiction or venue and no other parties need to

27    be served.

28

**2.**    **Facts:**  *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

NextG's Position:  The '256 patent was duly and legally issued in the names of Andrew James Motley and Anthony Gerard Chadney and assigned to British Telecommunications PLC. After subsequent assignments, all right, title and interest in and to the '256 patent was assigned to NextG on or about February 22, 2005.  At a time currently unknown to NextG, NewPath began making, using, offering to sell or selling communication networks, in violation of NextG's rights in the '256 patent.  NewPath's infringing activity is ongoing and, NextG believes, is willful and in wanton disregard of NextG's rights in the '256 patent.  The principal factual issues in dispute include the facts surrounding the structure, function and operation of NewPath's communication networks, NewPath's making, using, offering to sell and selling of its communication networks and any services NewPath provides for use of its communication networks.  Other factual issues include whether NewPath's infringement of the '256 patent is willful, and in wanton disregard of NextG's rights.

NewPath's Position:  The claims of the '256 patent, particularly if interpreted broadly enough to cover any of NewPath's systems, are invalid.  The claims of the '256 patent are directed to systems configured to modulate a plurality of independent RF signals onto optical signals and selectively connect the plurality of RF-modulated optical signals to a plurality of fixed radio ports. NewPath does not make, use, offer to sell or sell any such systems.  None of NewPath's systems selectively connect any input with any output.  Instead, all of NewPath's systems provide the same output signal (or signals) to all repeater antennas coupled to an optical network.  Further, most of NewPath's systems are digital (and thus do not modulate even a single RF signal onto an optical signal) and all but one have only a single RF signal input (and thus do not have the required plurality of independent RF signals).  NewPath and NextG use the same equipment from the same suppliers, and thus NextG has known all along that NewPath does not and cannot infringe the '256 patent.  Nevertheless, NextG filed a bare-bones Complaint in the present action making vague allegations of infringement without any objective basis therefore.  The Complaint was filed just after NextG lost a bid proposal to NewPath, and immediate before a major industry conference.

1    The principal factual issues in this case are the extent to which NextG conducted any pre-filing

2    investigation for its objectively baseless infringement claims, and the amount of damages NextG

3    should pay to NewPath on its counterclaims.

4        **3.**    **Legal Issues:** *A brief statement, without extended legal argument, of the disputed*

5    *points of law, including reference to specific statutes and decisions.*

6        NextG's Position:  The legal issues in this case include the interpretation of the asserted

7    claims in the '256 patent, whether NewPath infringes the '256 patent in violation of 35 U.S.C.

8    section 271, the extent of damages to which NextG is entitled as a result of NewPath's

9    infringement, including any enhanced damages, under 35 U.S.C. section 285.  Other sections of

10   the Patent Act may be at issue, depending on the defenses NewPath pursues, including 35

11   U.S.C. section 102 and 103.

12       NewPath's Position:  The legal issues in this case include the interpretation of the

13   asserted claims in the '265 patent; whether digital systems and systems which provide the same

14   signal to all antennas coupled to an optical network were disclaimed during prosecution;

15   whether the '256 patent is invalid or unenforceable; whether the '256 patent is infringed;

16   whether NextG had any objectively reasonable basis for bringing its claims of infringement

17   against NewPath; whether NextG is liable for tortuous interference with a contractual

18   relationship in violation of Washington law, for negligent interference with a business

19   relationship under California law and for unfair business competition in violation of California

20   law; the extent of NewPath's actual damages on its counterclaims and the extent to which

21   NewPath is entitled to enhanced damages, attorney's fees and other relief.

22       **4.**    **Motions:** *All prior and pending motions, their current status, and any anticipated*

23   *motions.*

24       On June 9, 2008, NextG filed a combined motion to strike defendant's inequitable

25   conduct affirmative defense, and motion to dismiss some, but not all, of NewPath's

26   counterclaims.  NextG's motion also included an anti-SLAAP motion to strike some, but not

27   all, of NewPath's counterclaims pursuant to Cal. Code Civ. Proc. § 425.16.  NewPath has filed

28   a motion to continue NextG's motion to dismiss.  Both motions are scheduled for hearing on

1  September 11, 2008.

2      NextG's position:  NextG contemplates filing a motion for summary judgment on

3  infringement of asserted claims of the '256 patent after the Court has construed the terms of the

4  asserted claims, either under a theory of literal infringement or infringement under the doctrine of

5  equivalents.  Depending on the facts revealed during discovery and NewPath's contemplated

6  arguments that the '256 patent is invalid and unenforceable, NextG may also move for summary

7  judgment on the validity and enforceability of the '256 patent.

8      NewPath's position:  NewPath contemplates filing a motion for summary judgment of

9  non-infringement and unenforceability, and a motion for summary judgment of liability on its

10  counterclaims.  NewPath intends to seek attorney's fees and other relief based on NextG's

11  Motion to Dismiss.  NextG has not answered any of NewPath's counterclaims, including

12  NewPath's claims for Declaratory Judgment of Non-Infringement and Invalidity, which NextG

13  did not move to dismiss.  NewPath may move for an Order directing NextG to file an Answer.

14      **5.**    **Amendment of Pleadings:** *The extent to which parties, claims, or defenses are*

15  *expected to be added or dismissed and a proposed deadline for amending the pleadings.*

16      NextG's position:  NextG does not currently contemplate adding parties, claims or

17  defenses beyond those asserted in NextG's reply to NewPath's counterclaims.  NextG proposes

18  a deadline of October 31, 2008 for any amendment to the pleadings.

19      NewPath's position:   NewPath does not currently contemplate adding parties, claims or

20  defenses beyond those asserted.  NewPath believes the infringement and invalidity disclosures due

21  under the Local Patent Rules, which will not be completed until mid-November of 2008, as well as

22  further discovery, may identify additional required or permissive parties, or additional claims and

23  defenses.  NewPath proposes a deadline of January 1, 2009 for amendment to the pleadings.

24      **6.**    **Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues*

25  *reasonably evident in this action, including interdiction of any document-destruction program and*

26  *any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

27      *See* Rule 26(f) Report at item 4.

28

**7.** __Disclosures:__ *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

*See* Rule 26(f) Report at item 3.

**8.** __Discovery:__ *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).* The Parties have exchanged discovery requests and begun the production of documents. The discovery contemplated by the Patent Local Rules has not commenced. *See also* Rule 26(f) Report at item 5.

**9.** __Class Actions:__ *If a class action, a proposal for how and when the class will be certified.* Not applicable.

**10.** __Related Cases:__ *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.* No related cases are pending.

**11.** __Relief:__ *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

NextG seeks to enjoin NewPath from infringing and inducing others to infringe the '256 patent. NextG also seeks damages based on NewPath's infringement of the '256 patent, and pre- and post-judgment interest and costs, and of trebling same for NewPath's willful, wanton and deliberate infringement, all under 35 U.S.C. § 284. NextG further seeks attorney fees pursuant to 35 U.S.C. § 285.

NewPath seeks dismissal of Plaintiff's Complaint with prejudice; declarations of non-infringement, unenforceability and invalidity; an order restraining Plaintiff from (i) claiming that NewPath's systems and services infringe the '256 patent, (ii) interfering or threatening to interfere with the installation or use of antenna systems by NewPath and its allied parties, suppliers, distributors, customers, licensees, successors or assigns, (iii) instituting or prosecuting any proceeding placing in issue the right of NewPath and its allied parties, suppliers, distributors, customers, licensees, successors or assigns to install, use, or sell antenna systems and related

1  services; damages sustained as a result of Plaintiff's tortuous and negligent interference and unfair

2  competition and an accounting for all gains, profits, and advantages derived by Plaintiff that are

3  attributable to Plaintiff's unlawful acts; enhancement of such damages as permitted by law;

4  attorneys' fees and costs; prejudgment and post judgment interest; and such other and further relief

5  as the Court deems appropriate.

6        **12.**    **Settlement and ADR**: *Prospects for settlement, ADR efforts to date, and a specific*

7  *ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery*

8  *or motions necessary to position the parties to negotiate a resolution.*

9        The parties have complied with the ADR Local Rules and have filed the necessary

10  certifications and stipulation to ADR process.

11        **13.**    **Consent to Magistrate Judge For All Purposes**: *Whether all parties will consent*

12  *to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

13        The parties do not consent to have a magistrate judge conduct all further proceedings.

14        **14.**    **Other References**: *Whether the case is suitable for reference to binding*

15  *arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

16        This case is not suitable for reference to binding arbitration, a special master, or the

17  Judicial Panel on Multidistrict Litigation.

18        **15.**    **Narrowing of Issues**: *Issues that can be narrowed by agreement or by motion,*

19  *suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated*

20  *facts), and any request to bifurcate issues, claims, or defenses.*

21        The parties believe that they lack sufficient information at this early stage to identify issues

22  that can be narrowed by agreement or by motion, but expect that there may be occasion to do so

23  following discovery and resolution of, for example, the claim construction issues.  NextG believes

24  that it may be appropriate to bifurcate for trial, if they survive summary judgment, NewPath's

25  unenforceability defense and §17200 claim, as these are equitable issues to which NewPath is not

26  entitled to a jury.

27        **16.**    **Expedited Schedule**: *Whether this is the type of case that can be handled on an*

28  *expedited basis with streamlined procedures.*

1    Recognizing the inherent limits imposed on the pretrial schedule by the Patent Local

2    Rules, NextG believes that this case is otherwise suitable for rapid procedure to trial following

3    the claim construction hearing.  Among other things, the single patent at issue in this case is set

4    to expire in November 2009, and NextG believes the case should be set for trial beginning no

5    later than August 31, 2009.

6    NewPath believes damages discovery should commence after the Court has issued a

7    claim construction ruling and NewPath has an opportunity to seek summary judgment of non-

8    infringement and unenforceability.  NewPath suggests a trial in 2010.  NewPath believes

9    NextG's proposed schedule is unrealistic in view of the limits imposed on the pretrial schedule

10   by the Patent Local Rules.

11   **17.   Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of*

12   *dispositive motions, pretrial conference and trial.*

13   The Parties have attached a Proposed Schedule Pursuant to the Patent Local Rules as

14   Exhibit A.

15   NextG's Proposed Pretrial Schedule is attached hereto as Exhibit B.

16   NewPath's Proposed Pretrial Schedule is attached hereto as Exhibit C.

17   **18.   Trial:** *Whether the case will be tried to a jury or to the court and the expected*

18   *length of the trial.*

19   NextG has demanded a jury trial for its infringement claim, and expects trial of this claim

20   to require at least 7 days.  NewPath has demanded a jury trial on all issues so triable and expects

21   the trial to require seven to ten days, assuming no major claims or defenses are disposed of by

22   motion or agreement.

23   **19.   Disclosure of Non-party Interested Entities or Persons:** *Whether each party has*

24   *filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In*

25   *addition, each party must restate in the case management statement the contents of its certification*

26   *by identifying any persons, firms, partnerships, corporations (including parent corporations) or*

27   *other entities known by the party to have either: (i) a financial interest in the subject matter in*

28

1    *controversy or in a party to the proceeding; or (ii) any other kind of interest that could be*

2    *substantially affected by the outcome of the proceeding.*

3        <u>NextG responds as follows</u>:  NextG is a public company, and investors are identified in its

4    public filings, as required by law.  NextG's directors and officers include: John B. Georges

5    (President, Chief Executive Officer, and Chairman); David M. Cutrer (Chief Technical Officer and

6    Director); Randall Bambrough (Chief Financial Officer); Robert L. Delsman (Vice President,

7    Government Relations and Regulatory Affairs); Lawrence R. Doherty (Senior Vice President,

8    Corporate Development); Bo Piekarski (Vice President, Product Management and Marketing);

9    Todd K. Schultz (Senior Vice President, Operations); Hab Siam (General Counsel and Corporate

10   Secretary); Scott S. Chou (director);Joshua G. Revitz (director); David B. Walrod (director); and

11   Scot B. Jarvis (director).

12       <u>NewPath responds as follows</u>:  As described in NewPath's Certificate of Interested Entities

13   or Persons, the following entities may have an interest that could be substantially affected by the

14   outcome of the proceeding:

15       1.    Defendant NewPath Networks, LLC and its directors and officers.  The officers of

16   Defendant NewPath Networks, LLC are: Michael J. Kavanagh; Shawn Cooprider; Brian Broucek

17   and James McLernon.  The directors of Defendant NewPath Networks are Michael J. Kavanagh;

18   Shawn Cooprider, William J. Marraccini, George E. O'Brien, and Gordon G. Cohen.

19       2.    Non-party Andrew Corporation;

20       3.    Non-party ADC Telecommunications Sales, Inc; and

21       4.    Non-party Powerwave Technologies, Inc

22       **20.**    **Other matters to facilitate the just, speedy and inexpensive disposition of this**

23   **matter.**

24       NewPath expects the claim construction hearing to last approximately one and a half days,

25   and believes the Court should hear live testimony from expert witnesses, which will help to

26   educate the Court on the technology at issue.

27

28

1    Dated: September 4, 2008                    JEFFREY A. MILLER
                                                 JASON S. ANGELL
2                                                JACOB M. HEATH
                                                 Orrick, Herrington & Sutcliffe LLP
3

4

5
                                                 _____/S/ JASON S. ANGELL /S/_____
6                                                     JASON S. ANGELL
                                                     Attorneys for Plaintiff
7                                                    NEXTG NETWORKS, INC.

8

9    Dated: September 4, 2008                    OMID A. MANTASHI
                                                 LAW OFFICES OF OMID A. MANTASHI
10
                                                 TIMOTHY L. BOLLER (*pro hac vice*)
11                                               WILLIAM O. FERRON, JR. (*pro hac vice*)
                                                 SEED IP LAW GROUP PLLC
12

13
                                                 _____/S/ TIMOTHY L. BOLLER /S/_____
14                                                   TIMOTHY L. BOLLER
                                                     Attorneys for Defendant
15                                                   NEWPATH NETWORKS, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260458935.1                      - 14 -         JOINT RULE 26(F) REPORT AND CASE
                                                         MANAGEMENT CONFERENCE STATEMENT
                                                         C 08 1565 VRW

1

2                                    **ATTESTATION**

3        **Filer's Attestation:**  Pursuant to General Order No. 45, §X(B), I attest under penalty of

4   perjury that concurrence in the filing of this e-filed document has been obtained from

5   NewPath's counsel, Mr. Boller.

6

7   Dated: September 4, 2008                    Respectfully submitted,

8                                    _____
                                          /S/ JASON S. ANGELL /S/
                                            JASON S. ANGELL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit A

### [Proposed] Schedule Pursuant to Patent Local Rules

| Event | Date |
|---|---|
| NextG's Disclosure of Asserted Claims and Preliminary Infringement (Patent L.R. 3-1) | **September 25, 2008** |
| NewPath Preliminary Invalidity Contentions (Patent L.R. 3-3) | **November 10, 2008** |
| NextG and NewPath Exchange Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | **November 24, 2008** |
| NextG and NewPath Exchange of Preliminary Claim Construction and Extrinsic Evidence (Patent L.R. 4-2) | **December 15, 2008** |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | **January 9, 2009** |
| Close of Claim Construction Discovery (Patent L.R. 4-4) | **February 9, 2009** |
| NextG's Opening Claim Construction Brief (Patent L.R. 4-5(a): | **February 23, 2009** |
| NewPath Responsive Brief to NextG's Opening Claim Construction Brief (Patent L.R. 4-5(b) | **March 9, 2009** |
| NextG's Reply to NewPath Responsive Brief (Patent L.R. 4-5(c)) | **March 16, 2009** |
| Claim Construction Hearing (Patent L.R. 4-6) | **April 2, 2009** |

**Exhibit B**

**NextG's [Proposed] Pretrial Schedule**

| Event | Date |
|---|---|
| Close of fact discovery | **April 17, 2009** |
| Disclosure of expert testimony (Rule 26(a)(2)) | **May 1, 2009** |
| Disclosure of rebuttal expert testimony | **May 22, 2009** |
| Close of expert discovery | **June 5, 2009** |
| Last day to file dispositive motions | **June 25, 2009** |
| Hearing on dispositive motions | **July 30, 2009** |
| Pretrial conference | **August 20, 2009** |
| Trial begins | **August 31, 2009** |

**Exhibit C**

**NewPath's [Proposed] Pretrial Schedule**

| Event | Date |
|---|---|
| Close of fact discovery on liability | **April 30, 2009** |
| Disclosure of expert testimony on liability (Rule 26(a)(2)) | **June 2, 2009** |
| Disclosure of rebuttal expert testimony on liability | **July 2, 2009** |
| Close of expert discovery on liability | **August 1, 2009** |
| Last day to file dispositive motions on liability | **August 13, 2009** |
| Hearing on dispositive motions | **September 17, 2009** |
| Opening of damages discovery | **September 30, 2009** |
| Close of damages discovery | **November 30, 2009** |
| Disclosure of expert witness testimony on damages (Rule 26(a)(2) | **December 15, 2009** |
| Disclosure of rebuttal expert testimony on damages | **January 15, 2010** |
| Close of expert discovery on damages | **February 15, 2010** |
| Last day to file dispositive motions on damages | **March 18, 2010** |
| Hearing on dispositive motions on damages | **April 22, 2010** |
| Pretrial conference | **May 13, 2010** |
| Trial begins | **June 14, 2010** |

1

**CERTIFICATE OF ELECTRONIC SERVICE**

2
I hereby certify that on September 4, 2008, I electronically filed the foregoing

3
document with the Clerk of the Court using the CM/ECF system, which will send electronic

4
notification of such filing to the following individual(s):

5

6
OMID A. MANTASHI (SBN 208226)
LAW OFFICES OF OMID A.
MANTASHI

TIMOTHY L. BOLLER (pro hac vice)
WILLIAM O. FERRON, JR. (pro hac vice)

7
360 Grand Avenue, Ste. 90

billf@seedip.com
SEED IP LAW GROUP PLLC

8
Oakland, CA 94610

701 5th Avenue, Ste. 5400

9
Telephone:  (510) 593-9442

Seattle, WA 98104
Telephone:  206-622-4900

10
Facsimile:  (510) 868-8310

Facsimile:  206-682-6031

omid@california.com

timb@seedip.com

11

12

13
I declare under penalty of perjury under the laws of the State of California

14
that the foregoing is true and correct.

15
Executed on September 4, 2008, at Menlo Park, California.

16

17
/S/ CLAUDIA FLORES /S/
CLAUDIA FLORES

18

19

20

21

22

23

24

25

26

27

28