| | |
|---|---|
| JEFFREY A. MILLER (SBN 160602) | OMID A. MANTASHI (SBN 208226) |
| jmiller@orrick.com | omid@california.com |
| JASON S. ANGELL (SBB 221607) | LAW OFFICES OF OMID A. MANTASHI |
| jangell@orrick.com | 360 Grand Avenue, Ste. 90 |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Oakland, CA 94610 |
| 1000 Marsh Road | Telephone: (510) 593-9442 |
| Menlo Park, CA 94025 | Facsimile: (510) 868-8310 |
| Telephone: 650-614-7400 | |
| Facsimile: 650-614-7401 | TIMOTHY L. BOLLER (*pro hac vice*) |
| | timb@seedip.com |
| Attorneys for Plaintiff | WILLIAM O. FERRON, JR. (*pro hac vice*) |
| NEXTG NETWORKS, INC. | billf@seedip.com |
| | SEED IP LAW GROUP PLLC |
| | 701 5th Avenue, Ste. 5400 |
| | Seattle, WA 98104 |
| | Telephone: 206-622-4900 |
| | Facsimile: 206-682-6031 |
| | |
| | Attorneys for Defendant |
| | NEWPATH NETWORKS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPATH NETWORKS, LLC, a New Jersey limited liability corporation,<br><br>Defendant. | Case No. C 08 1565 VRW<br><br>**[PROPOSED] SIDE ORDER GOVERNING THE DISCLOSURE OF CERTAIN HIGHLY CONFIDENTIAL INFORMATION** |

-1- [PROPOSED] SIDE ORDER GOVERNING THE DISCLOSURE OF CERTAIN HIGHLY CONFIDENTIAL INFORMATION (CASE NO. C 08 1565 VRW)

1   WHEREAS on August 15, 2008, Plaintiff NextG Networks, Inc. ("NextG") and
2   Defendant NewPath Networks, LLC ("NewPath"; NextG and NewPath are referred to
3   collectively as "Parties") submitted a [Proposed] Stipulated Protective Order ("Protective Order")
4   governing the disclosure of certain information considered by one or both Parties to be
5   confidential, proprietary, or private information;

6   WHEREAS NewPath has requested in discovery the agreement executed by
7   NextG and ClearLinx Network Corporation ("ClearLinx") which settled the litigation styled as
8   *NextG Networks v. ClearLinx Network Corporation*, United States District Court for the Central
9   District of California, Case No. CV 05-0582-JVS(ANx) ("the Settlement Agreement");

10  WHEREAS ClearLinx, a nonparty, has requested notice if NewPath intends to
11  disclose the Settlement Agreement to third parties, including experts as defined in Section 2.12 of
12  the Protective Order;

13  WHEREAS ClearLinx is now known as ExteNet Systems, Inc. ("ExteNet");
14  NextG, NewPath, and ExteNet, through their respective counsel, agree as follows:

15  1.  ExteNet is agreeable to NextG's production of the Settlement Agreement
16  to NewPath so long as the procedures set forth below in this [Proposed] Side Order Governing the
17  Disclosure of Certain Highly Confidential Information ("Side Order") are followed.

18  2.  NextG will produce the Settlement Agreement at production number NGP
19  00113179-NGP 00113199 and will designate the Settlement Agreement as "HIGHLY
20  CONFIDENTIAL-ATTORNEYS EYES ONLY".

21  3.  For the purpose of NextG's production of the Settlement Agreement to
22  NewPath, ExteNet will be a nonparty Producing Party and a nonparty Designating Party as
23  defined in Sections 2.6 and 2.7 of the Protective Order.

24  4.  All provisions, procedures and protections of the Protective Order will
25  apply to the Settlement Agreement as produced and designated, except to the extent the present
26  Side Order modifies the Protective Order as it applies to the Settlement Agreement.

27  5.  Any challenge to the designation of the Settlement Agreement will comply
28  with Section 6 of the Protective Order.

6. Any filing of the Settlement Agreement will comply with the Protective Order, including Section 11 of the Protective Order regarding prohibitions of filing Protected Material in the public record in this action.

7. Regarding Section 5 of the Protective Order, the Parties agree not to enter into an agreement to re-designate or otherwise exclude the Settlement Agreement from the protections of the Protective Order without ExteNet's written consent.

8. The Parties may only use the Settlement Agreement for purposes of the above captioned litigation, absent an agreement from ExteNet or a court order allowing any other use. The Parties agree to give ExteNet notice, and ExteNet will have the right to be heard, concerning any request to the court for an order allowing use or disclosure of the Settlement Agreement beyond what is permitted under this Side Order or for documents designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" under the Protective Order.

9. In addition to the access, use and disclosure provisions set forth in Section 7 of the Protective Order, if NewPath desires to disclose the Settlement Agreement to any parties not named in this Side Order, it must first notify ExteNet by electronic mail to George A. Vinyard at gvinyard@extenetsystems.com at least 10 days prior to such disclosure. This notification to ExteNet must include the information identified in Section 7.5 of the Protective Order and must follow the procedures set forth in Section 7.5 of the Protective Order.

10. NewPath expressly acknowledges its obligation not to disclose or use the Settlement Agreement in any action or proceeding except the above captioned case or to the extent allowed by agreement with Extenet or by court order. However, should NewPath be requested or ordered to produce the Settlement Agreement in any other action or proceeding, the (1) ExteNet's counsel, George A. Vinyard, shall be notified of such intended production promptly under the applicable provisions of the Protective Order and/or under this agreement and, in any case, no less than 10 days before such intended production, and (2) ExteNet shall be afforded the right to be heard on and/or object to such production as provided a Producing or Designating Party under the Protective Order. The Parties expressly recognize that ExteNet reserves and does not waive any and all rights to object to such future production.

11. To the extent that the Protective Order permits the Settlement Agreement to be used in a deposition, any testimony relating to such documents shall be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", except to the extent the Settlement Agreement is redesignated per agreement with ExteNet, under the Protective Order, or by court order, provided ExteNet shall have notice of, and an opportunity to be heard, concerning any request to the court to have the Settlement Agreement redesignated.

12. The Parties agree to give ExteNet's counsel George A. Vinyard reasonable notice prior to using or referring to the Settlement Agreement or its contents during a hearing or at trial.

13. Any notice required to be given to ExteNet under this Side Order or the Protective Order shall be given to George A. Vinyard at gvinyard@extenetsystems.com, with a copy to Brian D. Roche at broche@reedsmith.com.

IT IS SO AGREED, THROUGH COUNSEL OF RECORD.

Dated: January 27, 2009

JEFFREY A. MILLER
JASON S. ANGELL
Orrick, Herrington & Sutcliffe LLP


/s/ Jason S. Angell /s/
-------------------------------------
JEFFREY A. MILLER
Attorneys for Plaintiff
NEXTG NETWORKS, INC.


Dated: January 27, 2009

OMID A. MANTASHI
LAW OFFICES OF OMID A. MANTASHI

TIMOTHY L. BOLLER (*pro hac vice*)
WILLIAM O. FERRON, JR. (*pro hac vice*)
SEED IP LAW GROUP PLLC


/s/ Timothy L. Boller /s/
-------------------------------------
Timothy L. Boller
Attorneys for Defendant
NEWPATH NETWORKS, LLC

-4-

ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER
CASE NO. C 08 1565 VRW

## ATTESTATION CLAUSE REGARDING SIGNATURES

I hereby attest that I have on file permission to sign for counsel indicated by a "conformed" signature (/S/) within this e-filed document.

/s/ *Jason S. Angell*
Jason S. Angell

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: February 24, 2009

Hon. Vaughn R. Walker

IT IS SO ORDERED
Judge Vaughn R Walker
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OHS West:260594632.1
15953-2002 JA5/JA5

-5-

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
CASE NO. C 08 1565 VRW