IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTG NETWORKS, INC., | No. 08-01565 VRW |
| Plaintiff, | **ORDER RESOLVING CERTAIN DISCOVERY DISPUTES** |
| v. | |
| NEWPATH NETWORKS, LLC, | |
| Defendant. | |

On June 24, 2009, the Court held a hearing on Plaintiff's and Defendant's Letter Briefs regarding certain discovery issues, including responses to interrogatories, responses to requests for production, and deposition notices. Having considered the parties' written and oral submissions, and for reasons set forth in part on the record during the hearing, the Court ORDERS as follows:

1. Plaintiff's request for an order directing Defendants to identify Defendant's customer contracts by production number is GRANTED. Defendants shall identify, by Bates number, all customer contracts, by Friday, June 26, 2009.

2. Plaintiff's request for an order directing Defendants to identify Defendant's Requests for Proposals by production number is GRANTED. Defendant shall confirm that all Requests for Proposals and all responses to such Requests (including any attached documents) have been produced, and shall identify, by Bates number, all Requests for Proposals and all responses to such Requests by July 1, 2009.

3. Plaintiff's request for an order directing Defendants to identify technical documents related to Defendant's networks is GRANTED. Defendants shall produce and identify, by Bates number, documents that fully and accurately disclose how Defendant's accused systems and networks are connected, how they operate, and how they were developed (to the extent the systems, or components of them, were developed by defendants, not purchased 'off the shelf' from other developers/manufacturers). Without express prior order by the District Court, Defendant may not use for any purpose in this litigation any such document that defendant fails to produce by July 7, 2009.

4. Plaintiff's request that Defendants produce additional documents related to Defendant's financial information and communications with investors is GRANTED IN PART. Defendants must produce documents (both internal documents and documents sent to or otherwise shared with investors or prospective investors) that disclose or analyze earned or anticipated expenses or profits associated with the accused products, actual or anticipated company growth, or completed or anticipated market penetration.

5. To the extent that Plaintiff seeks additional documents related to financial information and communications with investors for the purpose of determining liability, Plaintiff's request is DENIED. To the extent that Plaintiff seeks additional documents related to financial information and communications with investors for the purpose of establishing willfulness, Plaintiff's request is DENIED WITHOUT PREJUDICE.

6. Plaintiff's request for an order directing Defendant to provide complete responses to Plaintiff's Second Set of Interrogatories is DENIED.

7. Plaintiff's request to depose three employees of Defendant (Victor Ignacio, Carolyn Devolder, and James McLernon) as percipient witnesses is GRANTED IN PART. Plaintiffs may promptly depose these three employees;

however, Plaintiffs may not take a duplicative deposition of these deponents as Rule 30(b)(6) witnesses.

**IT IS SO ORDERED.**

Dated: June 24, 2009

_____
WAYNE D. BRAZIL
United States Magistrate Judge